## HOLMES v. S. H. KRESS & CO. et al.

No. 12805—Opinion Filed Jan. 15, 1924.

Rehearing Denied Feb. 26, 1924.

**1. Mechanics' Liens — Time for Filing — "Completion" of Building.**

Where a building has been accepted as completed according to the terms of the building contract, and the principal contractor paid in full for the construction of same, a subcontractor cannot extend the time for claiming and filing a lien statement by delaying for an unreasonable length of time performance of a trifling matter, although it may be required by the contract. Supported by Avery v. Butler (Ore.) 47 Pac. 706, and Crane Co. v. Ellis (Ore.) 114 Pac. 475.

**2. Same — Allowance of Attorney's Fee— Hearing.**

Section 7482, Comp. Stat. 1921 (3877, Rev. Laws 1910) authorizing the recovery of a reasonable attorney's fee by the prevailing party in action brought to establish a statutory lien, and that same may be fixed by the court and taxed as cost, in the action, does not authorize the court to render judgment for the amount prayed for by the prevailing party as an attorney's fee without a hearing on the question and the taking of evidence, to determine what is a reasonable fee in the given case. Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253; Neves v. Mills, 74 Okla. 7, 176 Pac. 500, overruled.

(Syllabus by Jones, C.)

Commissioners' Opinion. Division No. 3.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by D. W. Holmes against S. H. Kress & Company and Stone & Company. From the judgment, plaintiff appeals. Affirmed in part and reversed and remanded in part.

G. C. Spillers, for plaintiff in error.

Randolph, Haver & Shirk and H. M. Gray, for defendants in error.

Opinion by JONES, C. This suit was originally instituted in the district court of Tulsa county, by plaintiff in error, against the defendants in error, to recover judgment against the defendants on a contract for work, labor, and services rendered, and material furnished in and about the construction of a certain building in Tulsa, Okla., for the defendant

S. H. Kress & Company, and to foreclose a mechanics' lien and materialman's lien on the property of said company, and for an attorney's fee of $300. It was admitted by the defendant S. H. Kress & Company, at the trial that the amount against Stone & Company was correct, and that the claim did not exceed the contract price for the reconstruction of said building, and it was further admitted by counsel for defendant in the case that the only questions involved were the questions of the ownership of the property, and the time when materials were last furnished by the plaintiff, and labor performed on the reconstruction of the building in controversy. As disclosed by the records, Holmes, the plaintiff, had furnished certain material and performed certain labor at the instance of defendant Stone & Co., who were under contract with Kress & Company to construct the building. Holmes occupying the position of a subcontractor and materialman. The record further disclosed that the last material furnished and labor performed by the plaintiff on the building in controversy was on the 20th day of September, 1918, and that thereafter on November 15, 1916, plaintiff filed in the office of the court clerk of the district court of Tulsa county a mechanics' and materialman's lien statement, together with a notice showing service on S. H. Kress & Company. The claim and amount sued for was $725 and he asked for an attorney's fee in the sum of $300, no part of which had ever been paid. When the case was called for trial, the plaintiff demanded a jury, which application was denied, and then proceeded to trial before the court. The plaintiff introduced testimony to prove his case and the defendants, over the objections of the plaintiff, introduced proof to the effect that before the last material was furnished and labor performed by the plaintiff, Holmes, the defendant Stone & Company, which had the contract for the reconstruction of the building with the defendant Kress & Company, had been paid in full, that the defendant Kress & Company had accepted the building as completed, and, without determining whether plaintiff had been paid, and proceeded to, and did pay the defendant Stone & Company without any notice to the plaintiff. On the conclusion of the introduction of the testimony, the court rendered judgment in favor of the plaintiff, Holmes, and against the defendant Stone & Company for the amount sued for, but denied plaintiff's right to a lien against the property as a subcontractor under Stone & Comany, and rendered judgment in favor of Kress & Company, against the plaintiff,

Holmes, for the sum of $300 attorneys fee, based on the claim of approximately $725 sued for.

The plaintiff filed a motion for a new trial which was overruled and from which order and judgment of the court he appeals. The facts, as we gather from the evidence, disclosed that Kress & Company entered into a contract with Stone & Company on August 4, 1917, for the purpose of completing and reconstructing said building according to plans and specifications, said work to be completed on or before November 1, 1917. It seems, however, that same was not completed until in January or February, 1918, and that Kress & Company paid Stone & Company in full by a check of July 12, 1918, accepting the building as complete, and, so far as the evidence is concerned, there is no showing made that Stone & Company ever performed any other service after that date, but on the 19th and 20th of September, 1918, the plaintiff, Holmes, furnished material for covering certain pipes and labor in putting the covering on the pipes, aggregating $14.25. The plaintiff, Holmes, testified that this additional work was done at the request of Stone: Stone testified that he had no recollection of making any such request after the completion of the work and that the work was completed in January or February, 1918. Holmes further testified that he had no dealings with Kress & Company, and did not inform the company that he was going to do the work of covering the pipes in question: the manager of Kress & Company testified that he had no knowledge of any work being done after January or February, 1918, although he was in the building every day, and that the job was accepted at about that time and paid for in full on the date heretofore stated, July 12, 1918.

The evidence further discloses that the property in question was conveyed by Kress & Company to the John Franklin Corporation on June 17, 1916, and the deed filed for record on February 27, 1917, and thereafter the plaintiff seeks to enforce a lien against the property which he alleged belonged to Kress & Company, and the only evidence offered shows that it is the property of John Franklin Corporation, to whom it is admitted no notice was ever given of the filing of the mechanics' lien. The appellant sets forth various specifications of error, but groups them in the following propositions:

First, that the trial court erred in denying plaintiff the lien against the property, as against defendant Kress & Company, and, second, the court erred in the admis-

sion of certain testimony prejudicial to the rights of the plaintiff to which he excepted, and, third, that the trial court erred in rendering judgment against the plaintiff and in favor of defendant. Kress & Company for the sum of $300 as attorney's fee, and, fourth, that the court was in error in denying the application of plaintiff for a trial by jury, and, fifth, that the court committed error in overruling plaintiff's motion for a new trial.

As to the first proposition going to the right of plaintiff to impress the property with the mechanics" and materialman's lien, we think the judgment of the court was correct in view of the undisputed evidence that practically all of this work had been completed and accepted months prior to the furnishing of the material for covering the pipes and labor performed thereon. In the case of Woodruff v. Hovey (Me.) 39 Atl. 469, the court says that.

"A lien once lost cannot be revived by additional work."

The same conclusion is also reached in Dole v. Ass'n (Me.) 48 Atl. 115, and in Avery v. Butler (Ore.) 47 Pac. 706, the syllabus reads as follows:

"Where a building has been accepted as completed according to the terms of the building contract, repairs on the building on the discovery of defects therein will not extend the time for filing a lien otherwise excluded by a lapse of time."

And in the case of Shaller & Co. v. Gentile, 153 Ill. App. 458, it is stated that an expired lien is not revived where, without the request or knowledge of the owner, a subcontractor does additional work after the completion of his contract. The facts in the case at bar disclose that the work was substantially completed in January or February, 1918, and that Kress & Company accepted the job as completed at that time. They did not, however, pay Stone and Company, the principal contractors, until July 12, 1918, more than four months after the completion of the job, thus giving ample time and opportunity for all subcontractors to assert their claims. The plaintiff makes no contention that he filed his lien or ever called to the attention of Kress & Company, his claim, and after full payments had been made and after the time of the filing of liens had expired, plaintiff went upon the premises and did the additional work, which was of but little consequence, without the knowledge of Kress & Company, and the work done was merely the covering of pipes installed by the plaintiff, which was remedying his own defective workmanship, or at least the mere completion of that which

he had left in an unfinished condition. Many other cases are cited bearing on this question, but we think unquestionably that the judgment of the court on this point was correct, and that plaintiff was not entitled to impress the property in question with a lien for his debt under the facts disclosed by the record.

The next question raised is that the lien statement was insufficient and not in substantial compliance with Comp. Stat. 1921, sec. 7463, which, among other things, provides and requires that a subcontractor in order to establish and preserve his lien, must serve a notice in writing on the filing of such lien upon the owner of the land or improvements or both. This provision of the statute, we think, should be complied with, as a general rule. However, we deem it unnecessary to pass upon this point in order to determine the rights of the parties in this case, and while the record offered in evidence shows that the property had been deeded to John Franklin Corporation prior to the contract entered into for the labor on the building, and probably had same rented or a lease·contract upon same, which would authorize the repair made, and would justify the attaching of the lien, but in view of the unsatisfactory condition of the evidence on this point, we do not pass upon that question. Plaintiff in error further complains of the error of the court in refusing plaintiff's request for a jury trial, but in view of the fact that we concur in the judgment of the trial court on the point that plaintiff in error is not entitled to any lien in this case, we deem it unnecessary to pass upon this question.

Plaintiff in error next complains of the error committed by the court in rendering judgment against the plaintiff and in favor of Kress & Company for the sum of $300 as attorney's fee for making their defense against the claim of the plaintiff for $725. He has raised the question that the judgment as drawn is insufficient to cover that portion of the same. In the body of the journal entry, the court finds that the sum of $300 is a reasonable attorney's fee for legal services rendered in behalf of Kress & Company, and in the latter paragraph of the journal entry adjudged that the defendant Kress & Company have judgment against the plaintiff for its cost herein expended, including an attorney's fee of ——, to all of which plaintiff excepted. We think the judgment sufficient in form.

Defendants in error cite in support of this part of the judgment the case of Neves v. Mills, 74 Okla. 7, 176 Pac. 509, in

which this court held under identically the same facts, that where both parties sought to recover attorney's fee in the same amount, the court was justified in rendering judgment for such sum without evidence. In the case of Neves v. Mills both plaintiff and defendant prayed for judgment in the sum of $100 as attorney's fee. It seems that there was no evidence offered as to what consisted a reasonable attorney's fee, and the court rendered judgment for the amount prayed for in favor of the prevailing party, and the judgment was affirmed in that condition.

We are unable to agree with the reason followed in the case of Neves v. Mills. We know of no rule of practice or of law which authorizes such a holding. Section 3877, Rev. Laws 1910 (sec. 7482, Comp. Stat. 1921), provides:

"In an action brought to establish a lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee to be fixed by the court, which shall be taxed as cost in the action."

And, in the case of Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac., page 253, the court held that the attorney's fee could not be allowed without the introduction of testimony, and the fifth paragraph of the syllabus lays down this rule:

"Where an action is brought upon a promissory note for the foreclosure of a lien upon collateral given to secure the payment of such note, an attorney's fee, under section 3877, Rev. Laws 1910 (7482, C. S. 1921), may be awarded the successful party in the action and taxed as cost, but the trial court is without authority to award such attorney's fee without evidence as to the value of such attorney's fee."

And as we infer from the above statement that in the absence of any proof as to what constitutes a reasonable attorney's fee in any given case, the court is without authority to render judgment for the same, which we think is a better rule, and the importance of it is apparent in this case, where a judgment has been rendered for the sum of $300 for defendant for defending against a claim of $725, and while we think the court's judgment is correct on the principal issue involved in this case and affirm the judgment in that particular, we find it necessary to reverse the case in order that it may be retried as to the question of attorney's fee.

By the Court: It is so ordered.