## GETMAN v. HAYHOW.

No. 14063—Opinion Filed Oct. 7, 1924.

1. Trial—Interest Omitted from Verdict—Addition by Court.

In a case tried by a jury, where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the verdict, and it is unquestionably clear that the jury allowed no interest, and it is clearly ascertainable from the verdict or uncontroverted facts the date from which to which interest should be allowed and the rate is fixed in the note, it is the duty of the court to make the computation and to add the interest so found to the sum found in the verdict, and to render judgment for the aggregate amount and costs.

2. Bills and Notes—Provision for Reasonable Attorney Fee—Necessity for Evidence.

Where an action is brought upon a promissory note which provides that the drawer and indorsers agree to pay attorneys' fee without specifying the amount, court costs, and all other expenses incurred in collecting the said note, it is error for the court to fix the amount of attorneys' fees without a hearing on the question and the taking of evidence to determine what is a reasonable fee in such case.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Tulsa County; Z. I. J. Holt, Judge.

Action by C. A. Hayhow against Roy H. Getman. From judgment in favor of the plaintiff, defendant brings error. Modified and affirmed.

Bailey E. Bell and Wyley E. Crabtree, for plaintiff in error.

C. R. Thurlwell and Paul A. Wilson, for defendant in error.

Opinion by PINKHAM, C. The plaintiff in error, defendant below, appeals from an order of the trial court overruling a motion of plaintiff in error to modify the journal entry of judgment.

The parties will be referred to as they appeared in the trial court.

The plaintiff sued the defendant for the sum of $850 balance due on a promissory note executed by the defendant to the plaintiff, together with interest thereon at the rate of 10 per cent. per annum from January 12, 1920, and interest on $900 at the rate of 10 per cent. per annum from November 11, 1919, to January 12, 1920, and for $100 attorney's fee.

The defendant admitted the execution of the note sued on, but alleged payment thereof.

The case was tried before a jury and resulted in a verdict in favor of the plaintiff for the sum of $550.

Thereafter the court modified the verdict of the jury by computing the interest thereon and rendered judgment for that amount, and also for $75 attorney's fee.

The judgment was rendered on the 29th day of March, 1922, that said plaintiff have and recover from said defendant the sum of $550, with interest thereon from November 11, 1919, at 10 per cent. per annum, and the sum of $75 as attorney's fee as provided in said note, making a total sum of $755, together with costs.

Thereafter the defendant filed a motion to modify the journal entry by striking therefrom the item of interest and the item of attorney's fee.

The trial court overruled the motion to modify the journal entry to which the defendant excepted and gave notice of intention to appeal to the Supreme Court.

For reversal of the judgment the defendant assigns as error that "the court erred in overruling the motion to modify the judgment to take therefrom the items of interest and attorney's fee."

The plaintiff brought this action for $900 and interest, evidenced by the promissory note of defendant.

Plaintiff in his petition alleged that the defendant had paid $50 on said note; the defendant contended on the trial that he had paid $300 additional. The court instructed the jury that the only payment in dispute is the sum of $350, and that no payment had been shown on the balance of the note, and instructed the jury to return a verdict for the sum of $550; and that the only question for the jury's determination is as to the payment claimed by the defendant. This instruction was approved by plaintiff and defendant.

The jury found that the defendant had paid the plaintiff $350 on the note in question, and gave the defendant credit on the said note for $350, which amount subtracted from the $900, the amount of the principal of the note sued upon, leaves a balance due the plaintiff of $550, and as the note provided for interest the court computed it and gave judgment for such amount, together with an attorney's fee as provided in the note.

It is apparent from an examination of the record that the jury did not allow any interest. The rate of interest is fixed in the note, and in the circumstances the trial court did not err in making the computation and adding interest to the sum found in the verdict of the jury, and in rendering judgment for the total amount due the plaintiff.

"In a case tried by a jury where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the verdict, and it is unquestionably clear that the jury allowed no interest and it is clearly ascertainable from the verdict or uncontroverted facts the date from which to which interest should be allowed, and the rate is fixed in the note it is the duty of the court to make the computation and to add the interest so found to the sum found in the verdict and to render judgment for the aggregate amount, and costs." Wallingford et al. v. Alcorn, 75 Okla. 295, 183 Pac. 726.

Upon the whole record we conclude that the trial court did not err in computing interest due the plaintiff on the principal sum found by the verdict of the jury.

As to the second proposition that the court erred in allowing attorney's fee it will be observed that the note sued upon does not specify the amount of attorney's fee contracted to be paid but merely says "to pay attorney's fee."

It is generally held that fees cannot be allowed where the amount is not stipulated unless there is proof of the value of the attorney's services. 3 R. C. L. 896, 20 Ann. Cas. 1374 note.

It appears from the record in this cause that no testimony was introduced and none offered to establish the reasonable value of attorney's fee in the case.

In the case of Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253, the court held that the attorney's fee won'd not be allowed without the introduction of testimony, and the fifth paragraph of the syllabus announces this rule:

"Where an action is brought upon a prom-

issory note for the foreclosure of a lien upon collateral given to secure the payment of said note an attorney's fee under section 3877, R. L. 1910 (sec. 7482. Comp. Stat. 1921) may be awarded the successful party in the action and taxed as costs, but the trial court is without authority to award such attorney's fee without evidence as to the value of such attorney's fee."

In the case of Holmes v. S. H. Kress & Co. et al., 100 Okla. 131, 223 Pac. 615, it is said in the body of the opinion:

"And we infer from the above statement (referring to the rule announced in Holmes Banking Co. v. Dicks, supra) that in the absence of any proof as to what constitutes a reasonable attorney's fee in any given case the court is without authority to render judgment for the same."

We think it was error for the court to allow an attorney's fee in the instant case in the absence of any evidence as to the reasonable value of the services rendered.

We conclude that if plaintiff shall file a remittitur in this court prior to the going down of the mandate herein for the sum of $75, the amount of the attorney's fee included in the judgment, the judgment of the trial court should be affirmed. Otherwise the judgment of the trial court should be reversed and remanded for new trial.

By the Court: It is so ordered.