## L. S. COGSWELL LBR. CO. v. FOLTZ et al.

No. 18831.   Opinion Filed Jan. 29, 1929.

Rehearing Denied March 12, 1929.

E. M. Conner, for plaintiff in error.

Woodard & Westhafer, for defendants in error.

JEFFREY, C. This is an action by L. S. Cogswell Lumber Company against C. W. Foltz and Mrs. C. W. Foltz to recover the sum of $97.65 on an open account for building material sold and delivered, to foreclose a materialman's lien on lot 20, block 5, Midway addition to the city of Tulsa. Defendants denied owing the account and denied plaintiff's right to a lien. The cause was tried to the court without a jury, and judgment was rendered in favor of the defendants on the open account, and in favor of the defendants and against plaintiff for the sum of $150 as attorney's fee. From this judgment and the order overruling motion for new trial, plaintiff has appealed.

Plaintiff admits that the evidence was insufficient to impress a lien upon the property described in the petition, which was defendants' residence property, but here contends that the court erred in denying a recovery on the open account. The proof was overwhelming that the material was not used on the property sought to be impressed with a lien. On the contrary, it was defendants' theory that the material set up in the lien statement and attached to the petition was used in the construction of another house by defendant C. W. Foltz, for one Lamar Brown, situated elsewhere in the city of Tulsa. The proof was reasonably satisfactory that the material was used on the Lamar Brown job. It was defendants' further contention that, after the completion of the Lamar Brown house, plaintiff was paid in full. On this question defendants offered in evidence a receipted bill dated after the completion of the Lamar Brown house, with the notation, "To Mdse. in full to date $968.40." "Paid 10-6-25 L. S. Cogswell Lbr. Co. A. W. Hine."

Defendants also offered in evidence a canceled check for that amount by a loan concern which financed the construction of the Lamar Brown house. Plaintiff offered some evidence that the items sued upon were not included in the settlement made on the Lamar Brown job. This evidence was not of a very certain and definite type, since several of plaintiff's witnesses testified that they did not know whether the items were included in the settlement or not. This being a law action, the rule is that the judgment of the trial court on a disputed question of fact will not be disturbed if there is any competent evidence reasonably tending to support the same. There is, as heretofore pointed out, some evidence to the ef-

fect that the material furnished by plaintiff and used in the Lamar Brown house was paid in full, and the judgment of the trial court will not be disturbed on this ground.

It is next contended that the trial court erred in fixing and allowing an unreasonable and exorbitant attorney's fee without testimony being introduced in support of the same. Plaintiff in its petition asks for $150 as attorney's fee, and defendants ask for a like amount. When plaintiff concluded its rebuttal evidence, the court rendered its judgment denying a recovery on the open account, and rendered judgment in favor of defendants for the sum of $150, as attorney's fee, stating that said amount was prayed for by both plaintiff and defendants, but without any evidence as to the value of the attorney's services. Thereafter counsel for plaintiff took the stand and testified that he was familiar with the customary charge for services at the bar of Tulsa county; and that the sum of $50 was a reasonable attorney's fee for defendant's attorneys.

Section 7482, C. O. S. 1921, provides:

"In an action brought to enforce any lien, the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

The question here to be determined is, may the court render judgment in such cases for a reasonable attorney's fee in the absence of proof as to value of the attorney's services? The question seems to have been first considered by this court in the case of Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253. It was there held that the trial court was without authority to award such attorney's fee in the absence of proof of the value of the attorney's services. In the case of Neves v. Mills, 74 Okla. 7, 176 Pac. 509, the exact situation was presented as is presented in this case. Both parties were alleging and claiming the same amount as a reasonable attorney's fee. This court held in that case that there was no issue on the question of the allowance of an attorney's fee, and testimony upon the subject was unnecessary. However, in the case of Holmes v. S. H. Kress & Co., 100 Okla. 131, 223 Pac. 617, the Neves Case was expressly overruled. Since that time this court has reannounced and approved the rule first announced in Holland Banking Co. v. Dicks, supra, several times. Holmes v. Kress, 100 Okla. 131, 223 Pac. 615; Okla. Pipe Line Co. v. Hoeffer, 100 Okla. 233, 229 Pac. 440; Getman v. Hayhow, 103 Okla. 161, 229 Pac. 559; Holiday Oil Co. v. Smith, 100 Okla. 172, 228 Pac. 775; Ardmore Hotel Co. v. J. B. Klein Iron & Foundry Co., 104 Okla. 125, 230 Pac. 734; Board of Education of Oklahoma City v. Thurman, 121 Okla. 108, 247 Pac. 996.

The argument presented by counsel for defendants is not entirely without merit. In many cases the requirement that evidence of value of legal services be furnished seems to serve no useful purpose. Opinions of attorneys as to value of legal services rendered are not conclusive upon the court, but persuasive only. But the question was thoroughly and carefully considered in the Holland Banking Company Case, wherein Mr. Justice Thacker wrote a very able dissenting opinion. Since that time this court has thought it better to adhere to the rule there announced, and has so committed itself many times. There is a great necessity for stability and uniformity in the construction and interpretation of the law. If for no other reason than the foregoing, we would be inclined to follow the precedent heretofore established.

As heretofore stated, counsel for plaintiff, after judgment was rendered, by permission of the court gave testimony that a reasonable fee for defendant's counsel was the sum of $50. No other evidence was offered on the subject. Under such circumstances, we feel it our duty to modify this phase of the judgment to conform to the evidence. The judgment of the trial court in favor of defendants for $150 as a reasonable attorney's fee is modified so as to allow $50 as such attorney's fee, and, as so modified, the judgment in all particulars is affirmed.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76. See "Appeal and Error," 4 C. J. §2853, p. 879, n. 83. "Mechanics' Liens," 40 C. J. §776. p. 624, n. 15.