**BLACK v. PARISHO et al.**

No. 20422. Opinion Filed Oct. 6, 1931.

Walter Mathews, for plaintiff in error.

J. M. Grubbs, for defendants in error.

ANDREWS, J. This is an appeal by the plaintiff in error, plaintiff below, from a judgment of the district court of Payne county, Okla., partly in favor of the plaintiff therein and partly in favor of the defendants in error, defendants therein. The parties hereinafter will be referred to as plaintiff and defendants.

The plaintiff brought action against the defendants to recover possession from them of certain real estate alleged to be wrongfully detained by them and for damages for wrongful detention thereof. The defense thereto consisted of a general denial and a claim of rightful possession by reason of rescission of the contract under which the plaintiff claimed. There was a cross-petition alleging the amount due under the contract and a prayer for judgment for that amount, together with the establishment of a vendor's lien on the property for that amount and for the foreclosure of that lien. The reply was a general denial.

Judgment was rendered on the verdict and on the equitable issues for the plaintiff for possession of the property and for the defendant for $276.96, for an attorney's fee of $25 and costs of the suit, fixing the vendor's lien and for the foreclosure of the vendor's lien.

The plaintiff appealed to this court.

The record shows a written contract for a sale of the real estate by which the defendants sold the same to the plaintiff for

the sum of $500. The plaintiff therein agreed to pay $50 cash in hand and $10 per month, commencing on December 10, 1926, until the purchase price was paid in full, and to pay all taxes "hereafter becoming due and payable against said land." There was a provision therein that, in case of failure to pay the taxes before penalty accrued thereon, the defendants might pay the same or redeem the same from taxes, in which event the plaintiff agreed to pay the defendants the amount so expended by them, with interest on the amount thereof at 8 per cent. per annum. The plaintiff paid the $50 down payment, nine installments of $10 each, and $41.14 for taxes for the year 1926, and no other sum. The defendants paid the 1927 taxes in the sum of $41.96. The defendants took possession of the property on December 10, 1927, rented the same, collected $65 as rent thereon, and paid out $7.50 for repairs. The plaintiff's testimony shows the rental value of the property to be $12.50 per month and the defendants' testimony shows it to be $10 per month.

It is contended by the plaintiff that he is entitled to a credit of $41.14 for the amount paid by him for the 1926 taxes on the property. He contends that he purchased the property on October 21, 1926, and that, under the provisions of section 9784, C. O. S. 1921, it was the duty of the defendants to pay the taxes on the property for the year 1926. That section is as follows:

"As between grantor and grantee of any land where there is no express agreement as to who shall pay the taxes that may be assessed thereon, taxes on any real estate shall become a lien on such real estate on the 15th day of October of each year, and if such real estate is conveyed after said date, the grantor shall pay such taxes, and if conveyed on or prior to October 15th of such year, the grantee shall pay such taxes."

That section applies only when there is no express agreement for the payment of the taxes between the contracting parties. The contract in this case provides that the plaintiff pay all taxes coming due after the date of the contract. The taxes for the year 1926 were not due at the time the contract was executed and did not become due until the 1st day of November, 1926. By the terms of the contract it was the duty of the plaintiff to pay the 1926 taxes on the property. Section 9784, supra, has no application to the facts in this case.

On December 10, 1927, when the defendants re-entered the premises, the plaintiff had failed to pay the three successive payments provided by the contract to be made by him and there were monthly install-ments aggregating $40 due the defendants at that time. The contract provided:

"Should second party fail to make three successive payments, the deed shall be handed back to the party of the first without further proceedings of law."

The court instructed the jury to determine whether the defendants re-entered the premises with or without the consent of the plaintiff; to ascertain the amount due from the plaintiff to the defendants; that if it found that the defendants had re-entered the premises without the consent of the plaintiff, it should allow the plaintiff a reasonable value of the use of the property after December 10, 1927, and that if it found that the defendants had re-entered the premises with the consent of the plaintiff, it should allow the plaintiff a credit to the amount of the rental collected by the defendants during the time the defendants were in possession. The verdict of the jury fixed the amount due the defendants at $276.96. It will be noted that the contract price of the property was $500 and that the plaintiff had paid the down payment of $50 and installments of $90, making a total paid by the plaintiff of $140. When this amount is deducted from the contract price, there is a balance of $360, which, with the amount of the 1927 taxes on the property paid by the defendants, makes a total of $401.96. Allowing the plaintiff $12.50 per month as the rental value of the premises, as testified to by the plaintiff, and deducting that from the $401.96, computed as aforesaid, leaves a balance of $276.96, which is the amount of the verdict of the jury. That verdict is amply supported by the evidence.

The plaintiff questions the verdict and in this court for the first time contends that there was no accelerating clause in the contract by which the court was authorized to render judgment for a greater amount than the amount of the past-due installments. The cross-petition of the defendants alleged the amount due and prayed for judgment therefor. The cause was tried in the trial court on the theory that the defendants were entitled to judgment for the amount shown by the contract without regard to whether or not it was due. No objection was made during the trial by the plaintiff that any part of the contract price was the amount due. No suggestion was made by the plaintiff as to limiting the amount of the recovery of the defendants to the installments due under the terms of the contract. The plaintiff cannot present his cause in this court on a different theory from that used by him in the trial court.

"Where a defendant relies upon a certain

defense in the trial court, he will not be permitted to shift his ground of defense on appeal, so as to present another defense, not presented nor relied upon in the trial court." Collings v. Industrial Savings Society, 94 Okla. 271, 221 P. 1036. See, also, Goldstandt v. Goldstandt, 102 Okla. 218, 228 P. 270.

It is contended by the plaintiff that the court erred in assessing the costs of the action to the plaintiff. We do not agree with that contention. While the trial court permitted the plaintiff to recover possession of the property, the trial court at the same time fixed the vendor's lien on the property and ordered foreclosure thereof, and, under those circumstances, we cannot say that the trial court erred in requiring the plaintiff to pay the costs of the action.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.