TOLLETT et ux. v. CLAY.

No. 34342.　Oct. 21, 1952.

*249 P. 2d 412.*

William T. Powell, Walters, for plaintiffs in error.

Walter Hubbell, Walters, and Gordon W. Coker, Albuquerque, N. M., for defendant in error.

PER CURIAM. This action was brought by Jack Clay, plaintiff, against Cairl H. Tollett and Gladys Tollett, husband and wife, defendants, to foreclose a mechanic's lien upon certain property and the dwelling house lo-

cated thereon in Cotton county, Oklahoma. The cause was submitted to a jury, which rendered a verdict for the plaintiff upon which the court rendered judgment. Defendants have appealed. The parties will be referred to as they appeared in the court below.

The petition is in the usual form for the foreclosure of a mechanic's lien for work done and materials furnished by plaintiff upon the land of defendants. Defendants filed their answer and cross-petition in which they admit that plaintiff did perform work and labor on their residence as described in his petition, but deny that they are in any manner indebted to the plaintiff, and claim that plaintiff had been more than paid for the work which he had agreed to do under the oral contract for the remodeling of defendants' house. In the cross-petition, the defendants claimed damages for the funds they were required to spend for labor and materials in repairing the alleged faulty work of plaintiff on the premises in question. The case was tried to a jury and the evidence produced by plaintiff established the allegations of the petition and established that there was due the plaintiff from the defendants the sum of $131.94 for labor and material furnished under the oral contract and under a subsequent agreement for the furnishing of certain extras, after crediting defendants with certain payments admitted to have been received by plaintiff. The testimony of the defendants was to the effect that plaintiff had been overpaid for the work done and that the final check given by defendants to plaintiff was given in full satisfaction of their indebtedness to him, and contained the phrase "For labor one house payed in full." The defendants also introduced evidence showing the amounts they had expended in having the work done by the plaintiff redone by other contractors.

This evidence was submitted to the jury by the trial court under instructions of which neither party complains, and the jury returned a verdict for the plaintiff for the full amount claimed by him to be due under the contract and lien.

In appealing from the judgment based upon this verdict, the defendants contend: (1) that the acceptance of the last check for $25, containing the phrase "For labor one house payed in full", amounted to an accord and satisfaction, and (2) that the record does not disclose the taking of any testimony to establish the attorney's fee of $150 allowed the attorneys for plaintiff in the cause.

The contention of defendants before the trial court was that they had paid the plaintiff in full for all sums due him under the contract, and that they were entitled to reimbursement for certain sums expended to repair the faulty work done by plaintiff. It thus became a question for the determination of the jury as to whether the plaintiff had been paid in full or whether there was anything still due plaintiff from defendants. As part of the evidence submitted to the jury to prove payment in full, the defendants introduced into evidence the last check issued by defendants to plaintiff, which contained the clause "For labor one house payed in full." No attempt was made to show that an accord and satisfaction was had between the parties but instead the defendants attempted to show by the introduction of the check in question that the plaintiff had been paid the full contract price. On this conflicting evidence the jury found for plaintiff for the full amount claimed by him, and denied the cross-petition of the defendants. We have many times held that in an action of legal cognizance the verdict of the jury will not be disturbed where the evidence is in conflict, if there is any evidence to support the verdict. Aghajan v. Marshall, 207 Okla. 41, 247 P. 2d 510, and cases therein cited.

Defendants now contend that the acceptance of the check containing the clause "For labor one house payed in

full", was an accord and satisfaction between the litigants and that the judgment should be set aside. As heretofore stated, the question as to whether an accord and satisfaction was had between the parties was not raised in the trial court. We have repeatedly held that where the defendants rely upon a certain defense in the trial court they will not be permitted to shift their ground of defense on appeal so as to present another defense not presented or relied upon in the trial court (subject to certain exceptions not herein involved). See Collings v. Industrial Savings Society, 94 Okla. 271, 221 P. 1036; Black v. Parisho, 152 Okla. 70, 3 P. 2d 673.

The trial court allowed the plaintiff an attorney's fee of $150. No evidence of the value of the services of attorneys appears in the record. At the close of the testimony and just before the case was submitted to the jury, plaintiff offered testimony concerning the reasonable value of legal services performed by his attorneys, but the court refused to accept the testimony at that time, stating that it would accept such testimony later. Plaintiff contends that such testimony was introduced, heard, and considered by the court at the hearing of the motion for new trial. The defendants neither affirm nor deny this. Such being the case, we are guided by the record, which fails to reveal any such evidence at that hearing. In an action to enforce a mechanic's lien the trial court is without authority to render judgment for an attorney's fee without evidence of the value of the attorney's services. Cogswell Lumber Co. v. Foltz, 135 Okla. 242, 275 P. 333, and cases cited therein.

Upon the filing of a remittitur of attorney's fee within ten days after this opinion becomes final, the judgment in favor of plaintiff is affirmed; otherwise, the judgment is affirmed except as to attorney's fee, and is reversed as to said attorney's fee only, and the cause remanded for the further taking of evidence and judgment of the trial court on that issue. The plaintiff in error shall pay the costs of this appeal.

This court acknowledges the services of Attorneys James E. Bush, William K. Powers, and Stanley D. Campbell, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.