Jack BUSH, d/b/a Bush Plumbing Company,
Plaintiff in Error,

v.

Joe Charles PYATT et al., Defend-
ants in Error.

No. 41779.

Supreme Court of Oklahoma.

Oct. 15, 1968.

Raymond Criswell, Wewoka, for plain-
tiff in error.

Goode & Henson, by Almon E. Henson,
Shawnee, for defendants in error.

McINERNEY, Justice.

Jack Bush Plumbing Company (plain-
tiff) instituted an action to foreclose a
mechanics lien on property belonging to
Joe Charles Pyatt and his wife, Shirley
Kaye Pyatt (defendants). The trial was
before a judge without a jury. At the con-
clusion of the trial the judge rendered
judgment for the defendants. In the
Journal Entry the court awarded the de-
fendants an attorney fee in the sum of $250.
Plaintiff's motion for new trial was over-
ruled and the appeal lodged here.

In this appeal the plaintiff urges
two propositions. One proposition chal-
lenges the decision as being contrary to the
law and against the clear weight of the
evidence. A review of the record indicates
a question of fact to be determined by the
trier of the facts. The court's finding on
this question of fact is not against the clear
weight of evidence. This proposition is
without merit. H. E. Leonhardt Lumber
Co. v. Ed Wamble Distributing Co., Okl.,
378 P.2d 771.

The second proposition challenges the
correctness of allowing an attorney fee to
the defendants without taking evidence as

to the reasonable value thereof. Both the plaintiff and the defendants requested a reasonable attorney fee in their pleadings. The record does not indicate that opinion evidence was offered in support of the award of the reasonable attorney fee. Cases cited by plaintiff appear to sustain the second proposition. L. S. Cogswell Lumber Company v. Foltz, 135 Okl. 242, 275 P. 333; Tollett v. Clay, 207 Okl. 283, 249 P.2d 412.

The prevailing party is entitled to the award of a reasonable attorney fee in lien forclosure cases by virtue of statute. 42 O.S.1961, § 176. The defendants prevailed We are therefore not concerned with the propriety of awarding an attorney's fee. The plaintiff challenges that allowance of an attorney fee rather than the amount of the attorney fee awarded.

In Holland Banking Company v. Dicks, 67 Okl. 228, 170 P. 253 (1917), this court laid down the rule that an attorney's fee cannot be taxed by the court without evidence as to the value of such fee. In later cases this rule was stated to include opinion evidence of the value of the services rendered. The court departed from this rule once in Neves v. Mills, 74 Okl. 7, 176 P. 509 (1918), then overruled the Neves case in Holmes v. S. H. Kress & Co., 100 Okl. 131, 223 P. 615 (1924).

In the Holland Banking Company case, supra, there appears a well reasoned dissent by Justice Thacker. The gist of this dissent is simply that the opinion of qualified witnesses as to the value of services adds nothing to the elements of value to be considered by the court when each fact upon which value is based is present before the judge setting the fee. In the present case the court apparently considered the nature of the case, the time consumed by the parties in presenting the case, the result and attendant benefit to the prevailing litigant, and generally the extent and nature of the services rendered in the presence of the court. The plaintiff does not challenge the award as excessive but merely argues that the award was entered contrary to the rule pronounced in Holland Banking Company, supra.

When it appears the attorney fee awarded is based upon the elements of value necessary to an opinion and all of the elements which could be considered by an attorney giving an opinion are before the court who awards the fee, we cannot conclude that the fee is excessive as a matter of law. We adhere to the rule that there must be some evidence of value of the fees rendered. Evidence of value may be adduced other than by opinion testimony. The record here does not indicate the evidence considered by the court in awarding the attorney fee. If the court had made specific findings of the evidence upon which he based the fee, and this award was unchallenged in regard to amount after an opportunity to be heard, then we would affirm the award.

The trial court allowed the defendants an attorney's fee of $250. No opinion evidence of the value of the services of the attorney appears in the record. There is evidence in the record of the pleadings filed, the testimony of witnesses and the judgment of the court. The extent and nature of the services performed, upon which an opinion of value must be based, were rendered in the presence of the court. The fee awarded is not challenged by plaintiff as being excessive. While we are unable to determine the elements of value the court considered in setting the fee, we cannot say, without a more complete record, that the attorney fee is unreasonable. The plaintiff should have the opportunity to challenge the amount of the attorney's fee to be awarded if he desires to do so.

The action of the trial court in rendering judgment for the defendants is affirmed except as to attorney's fee. The cause is reversed as to attorney's fee only and remanded for further taking of evidence and judgment of the trial court on that issue. The plaintiff in error shall pay the costs of this appeal.

All Justices concur.