**MID–STATE HOMES, INC., a corporation, Appellant,**

v.

**Herbert JACKSON et al., Appellees.**

**No. 45636.**

Supreme Court of Oklahoma.

Feb. 12, 1974.

Lawrence A. Johnson, Paul G. Rose, Farmer, Woolsey, Flippo & Bailey, Inc., Tulsa, for appellant.

Roger L. Johnston, Johnston & Franklin, Enid, for appellees.

BERRY, Justice:

Mid-State Homes, Inc. [plaintiff] commenced this action against Herbert Jackson, and Jessie Bell Jackson [defendants], alleging defendants had defaulted in payment of a note secured by a mortgage and plaintiff had exercised its option to declare all the remainder of the note due. Plaintiff requested judgment for the amount due under the note, attorney fees, costs and judgment foreclosing the mortgage. At the time the action was brought the unpaid balance of the principal debt was approximately $3,400.00.

Defendants denied default and filed a cross-petition alleging usury. The trial court denied the cross-petition and that issue is not involved in this appeal.

The evidence indicated defendants executed the mortgage and note to Jim Walter Corporation and Jim Walter Corporation assigned the mortgage and note to plaintiff, one of its subsidiaries.

Plaintiff's petition alleged defendants defaulted in payment of monthly installment

payments pursuant to the note and mortgage and in failing to provide insurance as required by the mortgage.

The trial court denied foreclosure finding there was no default upon the note and mortgage sued upon. It further declared the note paid and cancelled and the mortgage discharged and released on the ground a partial payment had been tendered and refused, and ordered plaintiff to pay to defendants attorney fees in the amount of $861.12. Plaintiff appeals.

Plaintiff's evidence concerning default upon the principal debt was inconclusive and on appeal plaintiff does not question the trial court's finding there was no default in payment of the principal debt. However, plaintiff contends the trial court erred in finding no default occurred because defendants defaulted by failing to insure the premises for the years 1963 to 1970, thereby entitling plaintiff to accelerate the indebtedness and sue to foreclose.

In the mortgage mortgagor covenanted to insure the premises against certain hazards "in forms and amounts satisfactory to, and in insurance companies approved by Mortgagee", and to deliver the policies to mortgagee.

The mortgage further provided if mortgagor failed to pay any insurance premium when due, mortgagee could pay same without waiving its right to declare the principal sum due by reason of the default. It also contained an acceleration clause which provided if mortgagor defaulted in performance of his covenants, mortgagee, at its option, could declare all sums secured by the mortgage due and foreclose the mortgage for the entire amount of the indebtedness.

The deposition of O. C. King, plaintiff's vice president in charge of records and supervising servicing of mortgages, was introduced into evidence. His testimony was that the insurance premium for the first year only [1962–1963] was included in the price of the house, and hazard insurance was due upon the property in the amount of $399 for the period from December 10, 1963, until December 10, 1970. He also testified defendants signed an authorization for Best Insurors Inc. [another subsidiary of Jim Walter Corporation] to place insurance covering the property, defendants were furnished a copy of the insurance renewal statement at the end of each renewal period, and were billed monthly for same, and defendants had made two $60 payments for insurance.

He also testified he had received a letter from Mr. Jackson wherein Mr. Jackson stated he had placed his own insurance with a local agent, but Mr. Jackson failed to furnish the policy to plaintiff for approval as required by the mortgage.

Mr. Jackson testified after he executed the note and mortgage the salesman first told him insurance was included in the monthly payment and then told him insurance would have to be paid separately.

He further introduced two $60 cashier's checks, payable to Best Insurors, one dated January 28, 1966, and the other dated February 25, 1966. He testified that in November 1969, he wrote to Best Insurors informing them he had taken out his own insurance and introduced an insurance policy covering the premises from December 1969 until December 1972. He testified he took out this policy because plaintiff only insured the premises for $5,000 and he desired insurance in the amount of $8,000.

Plaintiff's records indicate that one of the $60 payments to Best Insurors was credited to defendants' insurance account and later withdrawn, and the other $60 payment was never credited to defendants' insurance account. No explanation was given concerning the ultimate disposition of these sums.

■ In a case of equitable cognizance this Court will examine the whole record and weigh the evidence and will reverse the judgment of the trial court if found to be against the clear weight of the evidence or contrary to established principles of equity, Mayfair Building Co. v. S. & L. Enterprises, Inc., Okl., 483 P.2d 1137.

■ In view of Mr. Jackson's testimony the salesman informed him the insurance premiums were included with the monthly installment payment and O. C. King's testimony the insurance premium for the first year was included in the price of the house, we conclude the trial court could have found payments for insurance premiums were included in the price of the house.

Furthermore, in Murphy v. Fox, Okl., 278 P.2d 820, we held in paragraph 1 of the syllabus:

"* * * foreclosure of a real estate mortgage is equitable in its nature although based on legal rights, and it is the province of a court in its equitable power, to see to it that the party invoking its relief shall have dealt fairly, before relief is given. * * *"

In the body of the opinion we quoted from 36 Am.Jur., Mortgages, § 387, as follows:

"It is generally accepted that a court of equity has the power to relieve a mortgagor from the effect of an operative acceleration clause in a mortgage where the default of the mortgagor was the result of some unconscionable or inequitable conduct of the mortgagee. Some courts go further and relieve a mortgagor from the effect of the acceleration clause where the default was caused by an accident or mistake of the mortgagor acting in good faith, or under unusual circumstances beyond his control. * * *"

■ In the present case the agreement provided defendants were obligated to furnish insurance, but plaintiff admitted the first year's insurance premium was included in the purchase price; some confusion existed as to who was to provide insurance for subsequent years; defendants sent two $60 payments to Best Insurors in 1966 and these checks were not credited to defendants' insurance account; and plaintiff apparently made no effort to require defendants to furnish insurance until October 1970, at which time it demanded payment of $448.60 from defendants for insurance premiums advanced.

We conclude the trial court could have found any default by defendants in failing to provide insurance resulted from inequitable conduct on the part of plaintiff and plaintiff was not entitled to accelerate the principal sum or foreclose the mortgage as a result thereof. . Murphy v. Fox, supra. We therefore conclude the trial court's judgment is not against the clear weight of the evidence or contrary to established principles of equity insofar as it denies foreclosure and denies plaintiff the right to accelerate the balance due under the mortgage.

■ Plaintiff next contends the trial court erred in ordering the note cancelled and the mortgage released. The trial court based this action on the ground plaintiff had refused a valid tender.

The evidence on this issue indicated defendants made a $60 monthly installment payment on December 28, 1970. This payment was rejected by plaintiff on the ground it had exercised its option to declare the entire indebtedness due.

Defendants further offered into evidence a letter which Mr. Jackson had written to plaintiff after this action was commenced. In that letter Mr. Jackson requested an opportunity to be allowed to pay out all sums due on an installment basis.

Insofar as concerns cancellation of the note, in Liberty Nat. Bank of Weatherford v. Semkoff, 184 Okl. 18, 84 P.2d 438, we quoted the following from Loth-Hoffman Clothing Co. v. Schwartz, 74 Okl. 18, 176 P. 916:

"A valid, legal tender of money by a debtor which is refused by a creditor, does not operate as a satisfaction of the debt, and is no bar to an action on the debt; the effect of such tender, when the tender is maintained, being to discharge the debtor from liability for interest subsequent to the tender and costs afterwards incurred."

See also Smith v. Owens, Okl., 397 P.2d 673.

Insofar as concerns the mortgage lien, we have recognized a proper and sufficient tender of the full amount payable under a mortgage may operate to release the mortgage lien stating that a creditor who refuses to receive payment of his debt when lawfully tendered may not complain of the loss of his security because it shall be accounted his own folly that he refused the money when a lawful tender of it was made to him. First National Bank of Davis v. Britton, 185 Okl. 566, 94 P.2d 896; Smith, Wogan Co. v. Bice, 34 Okl. 294, 125 P. 456.

Defendants do not cite, and we have not found, any cases applying this rule to anything less than a proper tender of the entire amount secured by the lien. The limited authority we have found indicates a tender of the amount due under a mortgage at the time of default, without offering to pay the full amount of the indebtedness, is ineffective to discharge the mortgage lien. Annotation-Mortgage-Lien-Effect of Tender, 93 A.L.R. 12, 44.

■ Defendant contends the trial court was in effect granting recission of the contract under 15 O.S.1971 § 233, on the ground plaintiff exercised undue influence upon defendants by attempting to exercise frivolous rights supposedly created through a technical default of the mortgage terms and had fraudulently enticed defendants to enter the construction agreement. In our search of the record we have found no evidence to support such a finding.

Having found no authority which tends to support the trial court's action in cancelling the note and releasing the mortgage under these circumstances, we conclude the judgment must be reversed to the extent it ordered the note cancelled and the mortgage discharged and released.

■ In its third proposition plaintiff contends the trial court erred in granting attorney fees to defendant as the prevailing party in the foreclosure action. 42 O.S.1971 § 176.

In numerous cases we have held the trial court is without authority to render judgment awarding attorney fees under § 176, in the absence of evidence of the value of the attorney's services or a contractual provision specifying the amount of the fees. Tollett v. Clay, 207 Okl. 283, 249 P. 2d 412; Briggs v. McAdams Pipe & Supply Co., Okl., 359 P.2d 572; Sarkeys v. Haas, Okl., 402 P.2d 894.

In the present case there is no contractual provision concerning award of attorney fees to the mortgagor for defending a foreclosure action and no evidence was introduced concerning reasonable attorney fees for defending the foreclosure action. Therefore, the order awarding attorney fees must be reversed and remanded for taking of evidence as to what constitutes a reasonable fee for defending the foreclosure action.

Plaintiff further contends the trial court erred in failing to award attorney fees to plaintiff as a result of plaintiff's successful defense to defendants' cross-action for usury.

■ Plaintiff at no time requested attorney fees for defending the cross-action for usury and we therefore conclude plaintiff waived any right it may have had to such an award of attorney fees.

Having carefully examined the evidence we hold that part of the trial court's judgment which holds plaintiff was not entitled to accelerate the principal and foreclose the mortgage is not contrary to the clear weight of the evidence or established principals of equity, and is affirmed. We hold that portion of the trial court's judgment declaring the note paid and cancelled and mortgage discharged and released is contrary to the clear weight of the evidence, and is reversed. The order awarding attorney fees to defendants is reversed and remanded for taking of evidence as to what constitutes a reasonable fee to defendants for successfully defending the foreclosure action.

All Justices concur.