John E. Baumrucker, Appellee, v. Fred D. Jones et al.,
Appellants.

Gen. No. 17,404.

1. APPEAL AND ERROR—*reservation of grounds*. No question is
presented for review on an appeal from the finding of a court
without a jury where the appellant did not submit propositions of
law to be held by the court in accordance with Practice Act, § 61
(former act, § 42).

2. CORPORATIONS—*right of stockholder to inspect books*. Under
statutes conferring on a stockholder an unlimited right to inspect
the books and papers of a corporation, it is no ground for a re-
fusal to permit an inspection that the stockholder is influenced
by improper motives or purposes in desiring to procure the infor-
mation.

3. CORPORATIONS—*right of stockholder to inspect books*. A
stockholder is not precluded from having an inspection of cor-
porate books and records by the fact that he had negotiated with
an officer of the corporation for the sale of his shares and that
such officer had instituted proceedings in chancery for the specific
performance of an alleged contract of sale.

Appeal from the Superior Court of Cook county; the Hon.
WILLIAM N. McSURELY, Judge, presiding. Heard in the Branch
Appellate Court at the March term, 1911. Affirmed. Opinion
filed October 1, 1912.

J. N. HELDMAN and SIMON LA GROU, for appellants.

McEWEN, WEISSENBACK, SHRIMSKI & MELOAN, for ap-
pellee; JAMES S. McCLELLAN, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion
of the court.

A writ of *mandamus* was awarded appellee, as pe-
titioner, against appellants, as respondents, com-
manding that the petitioner be permitted to examine
the records and books of the Fred D. Jones Co., a cor-
poration. There was a trial before the court without
a jury. The appellant did not submit propositions

of law to be held by the court, in accordance with Section 61 of the Practice Act (Section 42 of the former act). It has uniformly been held that where such propositions are not submitted no question of law is presented to the court on appeal for review, the ultimate facts found by the court from the evidence not having been set forth in the bill of exceptions. Hobbs v. Ferguson's Estate, 100 Ill. 232. The statute of this state gives an unlimited right to stockholders to inspect the books and papers of the corporation. It is no defense that he is influenced by improper motives or purposes to procure the information. Venner v. Chicago City Ry. Co., 246 Ill. 173. The record shows conclusively that title to 100 shares of stock was in Baumrucker at the time of filing his petition. It is true there is some evidence tending to show that negotiations had been had between him and Mr. Jones, an officer of the defendant corporation, under which Jones was to acquire the stock, and that Jones had instituted proceedings in chancery seeking the specific performance of the alleged contract. These facts, however, present no defense to the petition for *mandamus*.

*Affirmed.*