## CUSACK et al. v. McMASTERS.

No. 19185.   Opinion Filed May 28, 1929.

Rehearing Denied July 16, 1929.

A. L. Beckett, for plaintiffs in error.

John H. Alsop and D. B. Horsley, for defendant in error.

HERR, C. It appears that on the 15th day of March, 1923, the Muskogee Tool Company, a corporation, brought an action in the district court of McIntosh county against C. B. Young, W. M. VanNoy, F. E. Cusack T. B. Dirickson, W. B. McMasters, and others, to recover the sum of $339.50 and to foreclose a materialman's lien on an oil and gas leasehold estate in and to the east half of the southeast quarter of section 33, township 11 north of range 14 east, and other property.

Defendants Cusack and Dirickson were the owners, or part owners, of this leasehold. A well was drilled thereon by defendants VanNoy and Young under a contract with defendants Cusack and Dirickson, the owners, or part owners, of the leasehold.

Defendant McMasters filed a cross-petition against his codefendants Young, Van Noy, Cusack, and Dirickson, in which he claimed the sum of $540 due him for labor performed in drilling said well; claimed a lien against said property; prayed judgment for said amount and for foreclosure of his lien.

Defendants Cusack and Dirickson, though duly and regularly served with summons, filed no pleading, nor did they appear in the action. The trial court rendered judgment in favor of plaintiff and cross-petitioner Mc-Masters and against defendants Cusack and Dirickson, Young, and VanNoy, for the amounts sued for and for foreclosure of their liens. This judgment was rendered December 11, 1923.

Thereafter, and on October 25, 1926, defendants Cusack and Dirickson filed their petition to modify the judgment in so far as personal judgments were rendered against them. This motion was confessed by plaintiff Muskogee Tool Company, and, as to it, the judgment was accordingly modified. Defendant McMasters, however, resisted the action to modify, and, as to him, the trial court denied the application.

Defendants Cusack and Dirickson appeal.

No complaint is made as to the original judgment in so far as it sustains cross-petitioner's lien and decrees a foreclosure thereof. Complaint is made only to the personal judgment rendered against them.

It is first contended that the judgment is void as not being within the issues in the case; that the allegations of the cross-petition are not sufficient to authorize a personal judgment. We cannot agree with this contention. It is alleged in the cross-petition that the labor was performed under a contract with Young and VanNoy, and with the knowledge and consent and at the instance and request of defendants Cusack and Dirickson. This is a sufficient allegation upon which to base and predicate a finding and judgment of primary liability against these defendants.

The judgment is also assailed on the ground of fraud, the fraud alleged being that the attorneys representing plaintiff assured counsel for these defendants that no personal judgment would be rendered against them, and that, relying on such assurance, they did not appear and make a defense in the original action; that notwithstanding such assurance, personal judgment was, in their absence, rendered against them. There is no allegation that cross-petitioner, or his counsel, ever entered into such agreement with them, or that they had any knowledge

that such agreement was ever made between them and counsel for plaintiff. The evidence is that this agreement was, in fact, made between counsel for plaintiff in the original action and counsel for those petitioning defendants. Mr. Parris, who represented plaintiff in said action, as its attorney, so testified, and promptly confessed the motion in so far as it affected plaintiff. Mr. Parris, however, also testified that he made such agreement only on behalf of plaintiff; that he did not represent cross-petitioner; that neither cross-petitioner nor his counsel were present at the time this agreement was made, and that he knew of no such agreement ever having been made between these defendants and cross-petitioner. Petitioners do not, themselves, claim that any agreement was ever made between themselves and cross-petitioner or his representative.

Counsel, who represented cross-petitioner in the original action, testified that he had no such agreement with petitioners, nor had he any knowledge that such agreement was ever entered into between them and plaintiff.

The trial court held the showing as to fraud insufficient, and refused to modify the judgment on this ground. In our opinion, this holding is clearly correct, and we will, therefore, dismiss this branch of the case without further discussion.

It is next contended that the judgment entered was not, in fact, the judgment rendered by the court, and that the same should be corrected to speak the truth. The trial court heard the evidence on this proposition, and found this issue also against petitioners. We cannot say that this finding is against the clear weight of the evidence.

To sustain this phase of the case, petitioners rely mainly upon the clerk's minutes. Therein, referring to the original action, appears the following notation:

"No personal judgment to be taken against any of the defendants."

The clerk who made this minute was dead at the time of the trial, and there is no testimony to the effect that this minute, in fact, reflects the true and actual judgment of the court as between petitioners and cross-petitioner. Counsel, who represented plaintiff in the original action, testified that he did not know at whose instance or suggestion this minute was made; does not testify that the same was made at the suggestion of the court as the judgment of the court, but does testify that it might have been made at the suggestion of some of the attorneys in the case. Counsel, who represented cross-petitioner in the original action, testified that he had no knowledge that such entry had been made on the minutes of the clerk, and further testified that he did not understand that such was, in fact, the judgment of the court.

We think the evidence offered insufficient to establish that the judgment entered was not in fact the judgment rendered by the court.

It is next contended that the judgment is void for the reason that no evidence was introduced to sustain the allegations of cross-petitioner. The cross-action is based on an itemized account, the correctness of which is duly verified. Under the statute, in the absence of a verified denial, the account was properly taken as true, and it was not necessary to the validity of the judgment that other evidence be introduced.

It may be that petitioners had a good and valid defense to the action of cross-petitioner McMasters. If so, they should have asserted the same at the proper time. Cross-petitioner has perpetrated no fraud upon them; has done nothing to deceive them, nor to prevent their appearing and defending against his cause of action.

Judgment in the instant case may work a hardship upon petitioners, but, even so, we cannot, under the law, grant them relief.

Judgment should be affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 4 C. J. §2855, p. 885, n. 41; §2857, p. 887, n. 62. "Judgments," 33 C. J. §87, p. 1142, n. 58; §105, p. 1168, n. 28.