## MONTGOMERY v. EUFAULA MOTOR CO.

No. 22171. Dec. 11, 1934.

R. D. Howe, for plaintiff in error.

Milam M. King, for defendant in error.

BAYLESS, J. Eufaula Motor Company, a corporation, hereinafter called plaintiff, instituted an action in the district court of McIntosh county, Okla., against J. A. Montgomery, hereinafter called defendant, secured a judgment in favor of the plaintiff, and the defendant brought this appeal.

The plaintiff sought a money judgment upon a promissory note, and the possession of an automobile for the purpose of fore-

closing a chattel mortgage upon it. The automobile was replevined by the plaintiff, but was reclaimed by the defendant by redelivery bond.

The first answer filed June 23, 1930, by the defendant contained: (1) An admission of the corporate existence of the plaintiff; (2) an admission of the execution and delivery of the note and chattel mortgage; (3) a denial that any of the installment payments on the note were past due; (4) a denial that plaintiff was entitled to the immediate possession of the automobile; (5) pleaded the payment of $470 on said note, in installments, giving the amounts paid and the dates; and (6) pleaded usury and asked for affirmative relief thereon according to the statute. Plaintiff filed a motion to require the defendant to make this answer more definite and certain in certain particulars, which motion was overruled. The plaintiff then filed a demurrer to this answer, which demurrer read, in part, as follows:

"Plaintiff demurs to all that part of defendant's answer wherein the defendant seeks to charge the plaintiff herein with usury. * * *

"That defendant does not state facts sufficient in law to constitute the contract sued upon a usurious contract, and that the facts alleged in defendant's answer are insufficient in law to constitute any affirmative relief as against the plaintiff herein."

The trial court heard this demurrer, and entered an order "sustaining the demurrer to defendant's answer," which would seem to indicate that this demurrer was treated as going to the entire answer.

The defendant's third, fourth, and fifth assignments of error go to the action of the court in sustaining this demurrer. We find in the journal entry of judgment entered in this case on the 29th day of September, 1930, from which this appeal was taken, the following statement:

"* * * and thereupon, the defendant announces in open court that he refuses to plead further and elects to stand upon his answer, as filed herein upon the 6th day of September, 1930 (not the answer to which the demurrer was filed), and waives any and all defense which he, the said J. A. Montgomery, may have heretofore filed herein."

Therefore, we need not notice further anything that happened prior to the filing of the answer on September 6, 1930, and this disposes of the three assignments of error heretofore mentioned.

The first and second assignments of error go to the action of the trial court in striking defendant's amended answer, which was verified, and granting judgment to plaintiff. The amended answer, filed September 6, 1930, contained: (1) A general denial; (2) an admission of the purchase of the automobile, the execution of the note, and a plea of the payment of $_____, leaving a balance due of $_____, with the added plea that the balance (said to be $_____) was to be paid in whisky; (3) that plaintiff had not given him credit upon said note for $100 due as commission on car sales; and (4) that plaintiff corporation knew that its agent was to get the whisky.

Whatever defense may have been made by the verified general denial was cast away when he admitted the execution of the note. The statement of the payment of $_____, which resulted in a balance due of $_____, was unintelligible, and presented no defense whatever. The answer that the balance due on the note (whatever it might be) was to be paid in whisky presented no defense, because it was an effort to vary the terms of the note, which required the debt to be paid in money, in installments, in specified amounts and on dates certain, by parol evidence to show that it was to be paid in illegal merchandise. The terms of a written contract supersede any contemporaneous or subsequent oral agreements. (Section 9456, O. S. 1931; and Nachtsheim v. Bartle, 131 Okla. 166, 268 P. 195.) We have had under consideration the question of whether a note, by its terms payable in money, may be shown by evidence of a subsequent parol agreement to be payable in merchandise, in the case of Summerall v. Covington Bros. Farm Loan & Inv. Co., 138 Okla. 142, 280 P. 584, wherein we said:

"In a suit on a promissory note payable in money, an answer admitting the execution and delivery thereof, but alleging a subsequent unexecuted oral agreement between the parties that payment might be made in merchandise, and pleading a tender of such merchandise, states no defense to plaintiff's cause of action and in such case it is not error on the part of the trial court to render judgment in favor of the plaintiff on the pleadings."

This also disposes of the statement in the answer that the plaintiff knew its agent was to get whisky.

The statement that plaintiff had failed to

give defendant credit for $100 for commissions on the sale of cars was wholly insufficient in form or substance to enable the court to determine whether he had any legal claim against plaintiff therefor, and the court committed no error in striking that part of the answer.

In our opinion, the trial court committed no error in rendering judgment as it did. The defendant filed two separate answers admitting the purchase of the automobile and the execution and delivery of the note and chattel mortgage. If there was any truth to these statements, and defendant verified the answers, they could have been stated in more detail and a court could have determined the rights with reference thereto. Whatever verity the defendant's sworn statement lent them was lost in the unintelligible and uncertain manner in which they were stated. No court would be justified in giving them more consideration than was accorded them by the trial court.

The plaintiff moves for judgment in this court, upon the affirmance of the judgment of the trial court, upon the supersedeas bond, a copy of which appears in the casemade. We cannot grant this motion. The plaintiff's petition was formed as a pleading for a money judgment and the foreclosure of a lien by the sale of the property, as in judicial sales. No mention was made therein of replevin. However, a writ of replevin was issued in the case. The judgment is couched in the terms of a general civil judgment for money, to which is added appropriate provisions establishing the lien upon the automobile, ordering the lien foreclosed, ordering the defendant to deliver said automobile to the sheriff, and ordering the sheriff to advertise and sell it as in judicial sales and account for the proceeds; and, finally providing for a deficiency judgment in the event it failed to sell for enough to satisfy the judgment. There is no alternative judgment in replevin. The supersedeas bond recites that the judgment was in the alternative, as in replevin, that is to say, for the return of the property, or in lieu thereof, its value in a specified amount. The bond is conditioned to pay the condemnation money, according to the first subdivision of section 543, O. S. 1931 (section 794, C. O. S. 1921). Under section 546, O. S. 1931 (section 797, C. O. S. 1921), this court may, under certain circumstances, render judgment upon the supersedeas bond. But under our decision in Kerr v. McKinney, 69 Okla. 88, 170 P. 685, it cannot render judg-

ment upon a bond given to supersede a judgment such as was rendered in the district court in this case.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and WELCH, JJ., concur.