HOOVER, Trustee, v. FOX RIG & LBR. CO. et al.

No. 32788.  Jan. 6, 1948.

Rehearing Denied Feb. 17, 1948.

*189 P. 2d 929.*

George & George, of Ardmore, and Settle, Monnet & Clammer, of Tulsa, for plaintiff in error.

Earl Q. Gray and Ezra Dyer, both of Ardmore, for defendants in error.

RILEY, J. This proceeding was commenced by A. J. Hoover, as trustee for Charles Hoover, against the Fox Rig & Lumber Company, a corporation, and Roy A. Shinn, its secretary. Petitioner seeks mandamus to required defendants to permit him to examine the books and records of the corporation.

The petitioner alleged the corporate existence of defendant Fox Rig & Lumber Company; that its principal place of business was at Ardmore; that Roy A. Shinn is the secretary of the corporation; that petitioner owns five shares of capital stock of the corporation, represented by stock certificate No. 211, issued to A. J. Hoover, trustee for Charles Hoover.

Petitioner further alleged refusal of his written demand upon the corpora-

tion and its secretary, Shinn, for the right to make an inspection and take copies of certain records of the corporation.

An alternative writ was issued. Thereafter, on February 8, 1946, defendants filed their answer together with a cross-petition. The answer denied that A. J. Hoover held any stock in the Fox Rig & Lumber Company, but alleged that the stock represented by certificate No. 211 in fact had belonged to A. J. Hoover, personally, but was included in a contract to sell his stock to the corporation, and by reason of the contract petitioner was not in equity the owner of any stock in defendant corporation; that the Articles of Incorporation of the Fox Rig & Lumber Company expressly provide that:

"No shares of common stock of said company shall at any time be sold by any stockholder, without first giving to the company ten days written notice of such desire to sell, . . . and during said ten day period, the said corporation from surplus profits, or any stockholder shall have the privilege of buying said stock at its then book value; . . . "

The answer further alleged:

"That these terms and provisions were well known to the said A. J. Hoover, and acted on by him.

"That on the 21st day of August, 1945, the said A. J. Hoover, by registered mail, notified the defendant company that he desired to sell his stock in said company, and he thereupon, . . . served notice upon said defendant company that it had ten (10) days to exercise its option to purchase the same. These defendants allege that it was the intention of all parties, and the understanding that said notice included all stock of the said A. J. Hoover, including the five (5) shares represented by certificate number 211. That in accordance with the rights of the defendant company, as granted to it by the Articles of Incorporation, the said company, acting by and through its officers, did elect to purchase said stock at its then book value, and did immediately, both orally and by writing, notify the said A. J. Hoover of their election to purchase the

same, and that thereby and thereupon, a binding contract was made, and the defendant, Fox Rig and Lumber Company, became entitled to the delivery of said stock in accordance therewith. That the company has on many occasions subsequently thereto made demand upon said plaintiff for the delivery of said stock, and has offered and tendered to the plaintiff the consideration therefor, but the plaintiff has wrongfully refused to deliver the same to the said company, but that the said company has been the equitable owner thereof since on or about the 23rd day of August, 1945, and has been entitled to receive said certificate. That by reason of these facts the plaintiff is not in equity the owner of any stock in the defendant corporation and is not entitled to maintain this action."

The answer further alleges that the petitioner does not seek to examine the books of defendant corporation for a proper or just purpose in that he has wrongfully refused to perform the contract of sale and has asserted himself to be entitled to a sum far in excess of the amount defendant was obligated to pay for the stock under the agreement; that he has on numerous occasions threatened to bring suits against the corporation for the improper purpose of forcing defendant to pay an excessive sum for the stock and that in carrying out his attempts to harass the company, petitioner has made the demand for the inspection of the books, such inspection to cover all records from the date of incorporation of the company, and that petitioner has made wrongful demands for payment of alleged expense items which were excessive and had drawn drafts against the company for sums in excess of the amount owed him by the company.

Defendant Fox Rig & Lumber Company, with the return and answer, filed a cross-petition wherein it sought a decree for specific performance compelling petitioner to perform his alleged contract and assign and deliver all his stock to defendant company.

Petitioner moved to strike the answer and the cross-petition. The motion to strike was sustained as to the cross-petition and overruled as to the answer.

Petitioner's motion to issue the peremptory writ, on the grounds that the answer stated no defense, was overruled, and a trial was had on the issues joined, as to who owned the five shares of stock recorded in the name of A. J. Hoover, trustee. The inquiry as to the ownership was extended to the 204 shares of stock recorded in the name of A. J. Hoover.

At the close of the evidence, the trial court concluded that due to the disputed question of stock ownership, petitioner did not show a clear legal right to the writ. The writ was denied, and plaintiff appeals.

The question presented is whether the answer to the alternative writ granted states a defense. 18 O. S. 1941 §§141, 142, then in force, required all corporations for profit to keep certain records therein specified. These records were required to be open to inspection by any stockholder. The right to inspect depended only upon whether a person seeking to exercise it was a stockholder.

The general rule is:

". . . when the right of inspection of the corporate books is conferred on a stockholder by statute, a constitutional provision, a charter provision, or a by-law absolute in its terms, without restrictions or limitations, the right is absolute, and the purpose or motive of the stockholder in making the demand for an inspection is not material." 13 Am. Jur. 488.

Petitioner alleged that as trustee for Charles Hoover, he owned five shares of stock. Defendants' answer denies that plaintiff holds any stock in the corporation in any trust capacity. The answer affirmatively alleges that the stock represented by Certificate No. 211 is in truth and in fact the stock of A. J. Hoover personally. This is an admission calling for application of the rule stated.

A stockholder who holds shares of stock actually issued or transferred to him, and duly registered in his name on the books of the corporation, is a stockholder entitled to inspection, although he actually holds such stock in trust for another person. 18 C. J. S., Corporations, §507, pp. 1183, 1184.

Petitioner had a clear right to inspection under the statute then in force. But subsequent allegations in the answer plead that plaintiff is not the owner of any stock in the corporation by reason of an alleged unexecuted contract for the sale of plaintiff's stock in the corporation, including the five shares represented by Certificate No. 211. These allegations are sufficient to show a dispute as to the ownership of the stock, but that alone is not sufficient to deprive plaintiff of the right of inspection. While plaintiff remained a shareholder of record, he had right of inspection, notwithstanding that defendant corporation may have an unexecuted contract to purchase the stock from plaintiff. This would be true even though the corporation had instituted proceedings for the specific performance of its alleged contract. 18 C.J.S. §507, supra.

In Baumrucker v. Jones et al., 172 Ill. App. 188, it is held:

"A stockholder is not precluded from having an inspection of corporate books and records by the fact that he has negotiated with an officer of the corporation for the sale of his shares and that such officer has instituted proceedings in chancery for the specific performance of an alleged contract of sale."

The right to inspect is an incident of stock ownership. The right remains with the legal owner. The legal title to the stock in question remained in petitioner. Defendant corporation claimed no more than an equitable right.

In Baumrucker v. Jones et al., supra, it is held:

". . . It is no ground for a refusal to permit an inspection that the stockholder is influenced by improper motives or purposes . . ."

Defendant, by supplemental brief, calls attention to the fact that 18 O. S. 1941 §§141 and 142, supra, have been superseded by section 71 of the Corporation Code, H.B. 20, 1947 Legislature (18 O.S.A. Supp. §1.71), whereby all records required to be kept by corporations must be open to inspection or examination by each shareholder or voting certificate holder "for any **proper** purpose."

It is suggested that the law as now in force is controlling and it is necessary that plaintiff make proof of a **proper** purpose. Under the record, plaintiff has already sufficiently established a proper purpose.

The evidence discloses a controversy over the amount of the "book value" of plaintiff's stock. In paragraph 4 of defendants' return, it is alleged that A. J. Hoover has wrongfully refused to perform his contract of sale and has asserted himself entitled to sums far in excess of the amount defendant, by the terms of contract, was obligated to pay. That controversy, in part, gave rise to the demand for the inspection. The corporation, asserting its right to close the alleged contract of sale, claimed the book value of the stock to be about $126.10 per share, with some addition, depending upon the profits of the corporation for about eleven months of its fiscal year which had then elapsed. Plaintiff contended the value was much more. It would be impossible to determine the book value of the stock, and particularly the amount dependent upon the profits of the corporation for the eleven months' period, without inspection of the books and records of the corporation. The corporation was necessarily compelled to look to the books and records in determining what it claimed to be the book value. Plaintiff had an equal right.

Every stockholder has the right to examine the books of a corporation to ascertain the value of his stock. 38 C.J. 797. The evidence as a whole shows proof of a proper purpose sufficient to

entitle plaintiff to the writ of mandamus under the statute now in force.

Reversed and remanded, with directions to issue the peremptory writ.

HURST, C.J., and BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur.

Rehearing Denied Feb. 17, 1948.