Paul N. HASKETT, Plaintiff in Error,

v.

E. D. TURNER, J. G. Huffman and Jay R. Pierce, doing business as Turner-Huffman-Pierce Construction Company, a partnership, Defendants in Error.

No. 36564.

Supreme Court of Oklahoma.

Nov. 15, 1955.

Jones & Beauchamp, Duncan, for plaintiff in error.

Lowell Doggett, Ponca City, for defendants in error.

HUNT, Justice.

Plaintiffs began this action on July 8, 1953, in the District Court of Stephens County against Paul Haskett by filing their verified petition alleging that by the terms of a written contract, copy of which was attached to the petition, plaintiffs had agreed to build a gasoline plant for defendant upon a certain lease held by him; that the gaso-

line plant had been completed in accordance with said contract and that defendant was obligated to pay plaintiff for such work under such contract the sum of $22,136.74, of which sum the amount of $11,950.22 was yet owing plaintiffs; that of that sum the amount of $6,075.08 was due plaintiffs on or before May 7, 1953, and the balance of $5,875.14 would become due on August 1, 1953, and praying judgment for the amount due at that time. Plaintiff also caused attachment process to be issued against certain real property owned by defendant in Kay County to secure said sum, and garnishment process against certain sums owed by Sunray Oil Corporation to defendant. Plaintiffs also filed mechanic's and materialman's lien, itemizing the total amount of labor and materials furnished defendant in building said gasoline plant. On August 15, 1953, plaintiffs began a second action by filing their verified petition, seeking foreclosure of said mechanic's and materialman's lien for the total sum due and asking that the two actions be consolidated. In the first action defendant filed his motions to dissolve attachment and to dissolve the garnishment. Hearing was had on these motions, at which hearing defendant did not contest the amount due but instead admitted that it was a just debt, but argued that the gasoline plant itself was sufficient security for any judgment which might be rendered against him and that it was unnecessary to attach his real property or to garnishee the sums owed him by Sunray. Both motions were overruled and thereafter the trial judge entered an order, which was OK'd by attorneys for both parties, reciting that he had been informed that defendant was willing for the sums of money held by Sunray to be paid into court for payment by the court to plaintiffs to be applied on plaintiffs' claim against defendant, and ordering the garnishee to pay said sums held by it into court for such purpose. This was done. Thereafter defendant filed unverified general denials in each cause and plaintiffs filed a motion asking that the two cases be consolidated and set for trial on the jury docket on March 27, 1954. On March 22, 1954, there was filed a journal entry of judgment and foreclosure of mechanic's lien, which was OK'd by the attorneys for both parties. This journal entry recites that the cause came on that day upon motion to consolidate the two cases and pursuant to regular assignment for trial; that both parties appeared by their attorneys; that both parties announced ready for trial and waived a jury in open court; that the court proceeded to hear the evidence of witnesses and being fully advised found that plaintiffs had sustained the allegations of their petitions; that the cases should be consolidated; that in pursuance of a written contract plaintiffs had delivered certain materials, use of machinery and equipment, and furnished services in building a gasoline plant at the request of defendant; that the services and materials were last furnished on May 7, 1953, and within 120 days thereafter plaintiffs filed their verified lien statement as provided by law; that plaintiffs were entitled to judgment against defendant for the amount sued for, less the credit of the sums paid into court by the garnishee which plaintiffs had received; that plaintiffs had established a good and valid lien on the premises of defendant and were entitled to foreclosure thereof; and entered judgment for plaintiffs in the sum of $10,389.92 with interests from date of judgment, plus an attorney's fee of $1,000 and costs, ordered the lien against defendant's premises foreclosed and the property sold to satisfy the judgment; and, if the sum realized therefrom were insufficient to satisfy the judgment, ordered the attached real property of defendant to be sold to satisfy said deficiency. No exceptions were taken to this journal entry of judgment.

Thereafter defendant filed motion for new trial, which was overruled; defendant excepted to the overruling of said motion and gave notice of his intention to appeal; in compliance with the order of court, defendant posted a surety supersedeas bond covering the amount of the judgment, attorney's fee, and costs.

Defendant first contends that the case should be reversed because the court granted judgment without any evidence of any nature being introduced by plaintiffs in support of the allegations of their petitions. As noted above, the journal entry

of judgment recites that evidence was taken. Such recitals are taken as true and correct and are prima facie proof of the facts stated therein where not impeached or contradicted by the record. Schuman's, Inc., v. Missy Dress Co., 172 Okl. 211, 44 P.2d 862. The fact that no transcript of the evidence heard appears in the record is no impeachment or contradiction of the recital; it is a common procedure for a trial court to hear evidence with no reporter present when neither party requests that a transcript of the evidence be made, especially where a jury is waived. Regardless of that fact, under the statute, 12 O.S.1951 § 286, where an action is based on an itemized account, the correctness of which is duly verified, as here, in the absence of a verified denial the account is properly taken as true, and it is not necessary to the validity of the judgment that other evidence be introduced. Cusack v. McMasters, 137 Okl. 278, 279 P. 329.

Defendant further contends that the attachment upon defendant's property in Kay County was invalid. That question has become moot by the filing by defendant of a surety supersedeas bond guaranteeing payment of the judgment.

Defendant also contends that the garnishment affidavit was invalid. In view of what we have said in answer to defendant's first contention no further discussion is necessary on the point.

Plaintiffs' attorney has filed his application for additional attorney's fee in this court, pointing out that attorney's fees for enforcement of mechanic's and materialman's liens are provided by statute; that the court in fixing his attorney's fee below, in view of the circumstances as shown by the recitals in the journal entry of judgment, did not anticipate an appeal and fixed the attorney's fee for services rendered in the trial court only, and that he is entitled to be paid a reasonable sum for his services on appeal.

It seems clear the fee allowance made herein did not evaluate the attorney's services beyond the trial court. Viewed in the light of the time and effort exerted in establishing plaintiffs' rights, and in sustaining those rights on appeal, it appears the attorney should be entitled to additional compensation for his services. We are of the opinion an additional allowance of $250 for services required by this appeal will be adequate compensation under the circumstances. For an analogous situation see Welfare Federation Act Committee of 1000 v. Richardson, Okl., 281 P.2d 428.

At the request of plaintiffs, judgment is hereby rendered on the supersedeas bond filed by defendant in this cause for the amount of the judgment rendered below, $10,389.92 with interest at six per cent per annum until paid, plus attorney's fee of $1,250 for the use and benefit of plaintiffs' attorney, and costs to date.

Affirmed.