C. W. BRIGGS, Plaintiff in Error,

v.

McADAMS PIPE & SUPPLY CO., a corporation, et al., Defendants in Error.

No. 38371.

Supreme Court of Oklahoma.

Feb. 14, 1961.

Finch & Finch, Sapulpa, for plaintiff in error, C. W. Briggs.

Loeffler & Allen, Bristow, for McAdams Pipe & Supply Co., a corporation.

Streeter Speakman, Jr., Sapulpa, for I. J. Brashears.

Donald L. Worthington, Cushing, for Fred Keys.

PER CURIAM.

This action was instituted by McAdams Pipe & Supply Company, a corporation, as plaintiff, against Charles W. Briggs and other parties, for foreclosure of a materialman's lien upon an oil and gas leasehold estate.

The plaintiff alleged furnishing of material and services to Briggs in the drilling, completion and equipping of a well on the leasehold; that Briggs and the other defendants were owners of the leasehold and were mining partners; that the material and services were furnished at the request of Briggs, acting for himself and as agent for the other partners; that a lien statement was duly filed; and prayed for personal judgment against Briggs and the other defendant lease owners and for foreclosure of the lien.

Subsequent to the filing of the petition, I. J. Brashears, Fred Keys, Halliburton Oil Well Cementing Company, a corporation, and Schlumberger Well Surveying Corporation, a corporation, were made parties to the action on account of liens filed by them. Each of these parties filed an answer and cross-petition with allegations similar to those set out in the petition and prayed for personal judgment against the alleged mining partners and foreclosure of their materialman's liens. The petition

and answers and cross-petitions were duly verified. Relative to the pleadings filed by the defendant leaseholders, it is only pertinent and necessary to state that Briggs filed an unverified general denial to the cross-petition of Fred Keys.

A jury was waived and on January 22, 1958, the matter came on for trial before the court. In response to a motion for judgment on the pleadings, the defendant Briggs requested permission to amend his answer to specifically deny the accounts and the mining partnership and to verify his answer. The trial court denied the request as to denial of the accounts and verification thereof and granted the request as to denial of the partnership. Briggs does not urge error because of the court's action on his request. The record does not reflect any amendment by Briggs. The other defendant lease owners made similar requests but a statement thereof or the action taken by the trial court thereon is not pertinent to or necessary to a determination of this appeal. The trial then became mainly a discussion between the attorneys and the court as to the accounts of the lien claimants with little evidence being introduced. The trial court rendered judgment on the pleadings in favor of the plaintiff and cross-petitioners against Briggs and the other lease owners.

The trial court vacated this judgment on its own motion for the purpose of hearing further evidence. On February 20, 1958, the matter came on for further hearing with only the plaintiff and Brashears and Briggs and the other lease owners appearing. After hearing further evidence (none of which concerned the account and lien of Fred Keys) the court rendered judgment for the plaintiff and the cross-petitioners for the amount of their accounts and for attorneys' fees against Briggs and for foreclosure of their liens upon the entire leasehold, oil well and equipment. The court made no finding on the question of a mining partnership but took the same under advisement and reserved ruling on the personal liability of the other lease owners. The journal entry does not state, but the

record reflects, that the trial judge stated he would pass on these issues after the foreclosure sale.

The defendant, Charles W. Briggs (C. W. Briggs) superseded the judgment and this defendant alone has appealed to this court.

■ The defendant Briggs contends the burden was on Fred Keys to prove his account and lien and that since no evidence in support thereof was introduced at either the first or second hearing, the court erred in rendering judgment for Keys. Briggs does not make this contention as to the accounts and liens of the plaintiff and other cross-petitioners. We point out that after the first judgment the trial court did not grant a new trial but vacated the judgment for the taking of further testimony. The final judgment was based on the proceedings, evidence and admissions in both hearings. Under the statute, 12 O.S.1951 § 286, where the action is based on an itemized account, the correctness of which is duly verified, in the absence of a verified denial, the account is taken as true and it is not necessary to the validity of the judgment that other evidence be introduced. Haskett v. Turner, Okl., 290 P.2d 133. That is the situation presented by this appeal. The judgment of the trial court as to the cross-petitioner Keys is in this respect approved.

■ Defendant Briggs further contends that the trial court in fixing the attorneys' fees heard no proof of the value of the attorneys' services. Halliburton did not ask for any attorney fees. This is a lien foreclosure action and under 42 O.S.1951 § 176, the plaintiff and cross-petitioners were entitled to recover reasonable attorneys fees to be fixed by the court. The trial court fixed the attorney fees of plaintiff at 20% and of the other lien claimants at 15% of their respective accounts. The record reflects the attorneys fees were fixed as a result of a discussion between the trial judge and the attorneys for the lien claimants. There was no proof of what constituted a reasonable attorneys' fee. This court has held that in the absence of any proof as to what constitutes a reasonable attorney's fee in any given case, the court is without authority to render judgment for the same. Holmes v. S. H. Kress & Co., 100 Okl. 131, 223 P. 615; Tollett v. Clay, 207 Okl. 283, 249 P.2d 412. The judgment of the trial court as to McAdams, Brashears and Keys is, in this respect, reversed in order that the same may be retried as to the amount of the attorneys' fees, to be taxed as costs in the action.

■ A different situation exists relative to the attorney's fee in favor of Schlumberger. The written orders placed with Schlumberger by Briggs contain a provision for 20% additional as attorney's fees in the event of legal proceedings. This provision was specifically set forth in the cross-petition filed by this lien claimant and judgment was asked for such attorney fee. At the trial the attorney for Schlumberger voluntarily reduced the fee to 15%. Briggs stipulated in open court as to the correctness of this account. In view of the contract provisions and stipulation proof of the value of the legal services was not required to be made. The allowance and fixing of attorney fees in behalf of Schlumberger is affirmed.

■ It is contended by Briggs that the court permitted incompetent evidence to be introduced. The evidence complained of concerned receipt of funds by Briggs from other defendant lease owners. It appears the evidence was admitted to controvert the statement of Briggs as to the need to secure supplies on account, rather than for cash. Briggs does not elaborate or show in what manner, if any, the admission of the evidence was detrimental to his cause and this court cannot determine from the record in what manner the same was detrimental to Briggs. The objecting party has the burden of showing that evidence was incompetent and prejudicial. Benzel v. Pitchford, 206 Okl. 672, 245 P.2d 1131. This contention is accordingly denied.

The appellant Briggs further contends that the trial court erred in not finally de-

termining the rights of all parties to the action. The specific objection raised by Briggs is that the trial court should have proceeded to determine the existence of a mining partnership. This issue was reserved by the court to be determined after the foreclosure sale. The lien claimants urge that Briggs has admitted personal responsibility for the indebtedness and has contended that the other lease holders are not liable and that Briggs cannot complain of the trial court's action.

Briggs' position in the trial court was that he alone contracted for the materials and that there was no mining partnership. On appeal Briggs makes complaint as to personal liability adjudged against him only as to the account of Keys. The lien claimants are not complaining of the failure of the trial court to determine the question of mining partnership. Determination by the lower court that there was not a mining partnership would have been in accord with Briggs' contention. Furthermore, a determination by the lower court that a mining partnership did exist would not have been prejudicial to Briggs in view of his claim that he alone contracted for the material.

■■ In the light of this construction and interpretation of the factual situation the error, if any, complained of did not affect a substantial right of Briggs. Where the rulings and judgment are not prejudicial to the complaining party, even though erroneous, it will not work a reversal of the trial court. Conservative Loan Co. v. Sarkey, 92 Okl. 257, 219 P. 107. This contention is accordingly denied.

■■ It is further contended by Briggs that the trial court erred in ordering the oil runs paid into court to be applied upon lien indebtedness. Such an order does not appear in the journal entry of judgment and no formal order to this effect appears in the record. The record does reflect an oral direction that this be done. This question is presented in the briefs and we will dispose of the same. There is no receivership in this lien foreclosure to support such an order. The order has no support in the determination of the amounts as liens, for liens against an oil and gas lease are not liens on proceeds of oil runs from the lease. Young v. Mayfield, Okl., 316 P.2d 162. It is the opinion of this court that the trial court erred and the order of the trial court is in this respect reversed.

■ Defendant Briggs also contends there was no proof of compliance with the Intangible Tax Law, 68 O.S.1951 § 1501 et seq., by Fred Keys. The record reflects that the account of Keys was for material and services furnished between September 15, 1956, and October 22, 1956, and that his cross-petition was filed July 25, 1957. It was the duty of Keys under the law to list or assess his account on and after January 1, 1957 (68 O.S.1951 § 1507 et seq.) and to pay the taxes thereon when due.

We have hereinbefore held that Keys established his case and the indebtedness represented by his account, but Keys was not entitled to judgment without making proof of compliance with the Intangible Tax Law, 68 O.S.1951 § 1515, and the rendition of the judgment was in this respect erroneous. Pfrimmer v. Tidwell, 205 Okl. 262, 236 P.2d 978.

The judgment of Keys is vacated and the cause remanded with directions to the trial court to hear and determine the question as to whether or not there has been compliance with the Intangible Tax Law, and if Keys establishes compliance, to render judgment in his favor; otherwise, dismiss his cross-petition. Pfrimmer v. Tidwell, supra.

■ It is urged by McAdams and Brashears that this court render judgment against the sureties on the supersedeas bond to the extent of the amounts affirmed as due them on their accounts. This should not be granted. The judgment below was a personal judgment against Briggs and a further judgment against all of the defendant lease owners impressing a lien upon all interests in the leasehold and equipment and directing foreclosure and sale. In such situation judgment in this court

on the supersedeas bond upon affirmance of the judgment and prior to showing of a deficiency judgment would be premature and will not be granted. See Montgomery v. Eufaula Motor Co., 170 Okl. 32, 38 P.2d 573; Kerr v. McKinney, 69 Okl. 88, 170 P. 685. See also Diel v. Blanchard, 102 Okl. 35, 225 P. 962.

Any further proceeding for judgment on the supersedeas bond would necessarily be after any deficiency judgment had been determined after sale of the security.

Affirmed in part and reversed in part and remanded for further proceedings in accordance with this decision.