Joseph WOLOZYN and Maggie Wolozyn, Plaintiffs in Error,

v.

Mike BEGAREK as Chairman of the Board and Johnny Wolozyn as Secretary, both as corporate officers of St. Mary's Ukrainian Orthodox Church of Jones, Oklahoma, an Oklahoma corporation, Defendants in Error.

No. 39778.

Supreme Court of Oklahoma.

Feb. 19, 1963.

Leslie L. Conner, Oklahoma City, James M. Little, Oklahoma City, on the brief for plaintiffs in error.

W. A. Blakeburn, Oklahoma City, for defendants in error.

DAVISON, Justice.

This is an appeal by Joseph Wolozyn and Maggie Wolozyn, husband and wife (hereinafter referred to as plaintiffs), from a judgment in favor of Mike Begarek and Johnny Wolozyn (defendants below), as corporate officers of St. Mary's Ukrainian Orthodox Church, a corporation, in which the lower court sustained a demurrer to plaintiffs' evidence and dismissed their action.

The action was instituted by Joseph Wolozyn and later Maggie Wolozyn intervened as a plaintiff. The action was against Mike Begarek and Johnny Wolozyn, as chairman of the Board and Secretary, respectively, of St. Mary's Ukrainian Church, a corporation organized pursuant to the laws of Oklahoma. Plaintiffs' petition and amendment to petitions allege they are members of said corporation and church and are entitled to see, read and take copies of the corporate records and that they have complied with all required conditions precedent; that defendants claim plaintiffs are not members of the corporation and church and that any such action against plaintiffs was taken in their absence and without notice and that fundamental procedures, concepts and constitutional procedures of the church have been changed by some action of the corporation; that the minutes, documents and church records kept by the corporation and in possession of defendants will disclose the corporate actions upon which these claims are made and the membership in the church, but that the same are withheld from plaintiffs. The plaintiffs pray for a judgment ordering defendants to permit plaintiffs to examine and take copies of the corporation records, minutes, resolutions, amended charter, costs and other records of the corporation.

Defendants' answer was a general denial and allegations that plaintiff, Joseph Wolozyn, had resigned in writing from the church, as reflected by his letter attached to the answer, and that under the rules governing the church this also terminated the membership of his wife, Maggie Wolozyn; that plaintiffs had failed and refused to comply with certain described religious duties and obligations of the church; and that St. Mary's Ukrainian Orthodox Church was a member of and governed by the Rules and Regulations of the Eastern Ukrainian Orthodox Church and that the Bishop had directed defendants not to comply with plaintiffs' demands.

Joseph Wolozyn testified that he and his wife were members of the church and then detailed the negotiations and demands for examination of the requested records, and also that he attended the yearly church meeting at which there was a report of the financial affairs, property, and actions of the church, but that they refused to discuss his resignation and status. The amended Articles of Incorporation were introduced. These reflect that the purpose of the corporation was to acquire and hold church property and conduct religious worship and exercises; that it was a non-stock corporation with perpetual existence; and that the trustee incorporators and officers did not include plaintiffs. Plaintiffs also used the defendants as witnesses and they testified in substance that Joseph Wolozyn would not specify which records he desired and that he asked for all records made during the life of the church, so that he could read and copy them, and that the Church Board refused.

The trial court sustained defendants' demurrer to the evidence and dismissed the action on the ground that the court did not have jurisdiction, as the matter involved an inquiry into the internal affairs of the church.

It is plaintiffs' contention that the trial court erred and that under the facts and law they were entitled to inspect and copy the records of the church corporation that were in the possession of the defendants.

■ The principal issue made by the pleadings was whether plaintiffs were members of the church. However the testimony of Joseph Wolozyn was that plaintiffs were members and the demurrer admitted the truth of this testimony and we are required to consider them as being members.

The corporation, St. Mary's Ukrainian Orthodox Church, was incorporated pursuant to the special provisions of 18 O.S. 1961 § 541 et seq., relative to incorporation for religious, charitable, etc. purposes and not under the provisions of the Business Corporation Act, 18 O.S.1961 §§ 1.1–1.250 Title 18 O.S.1961 § 541 et seq., do not grant any rights of inspection of corporate records to shareholders or members of church corporations, as are granted in the case of corporations formed under the Business Corporation Act and defendants contend that the rights of inspection granted under the latter Act are not applicable to the present religious corporation. For the purposes of this opinion we will assume, but without deciding, that the rights of inspection granted under such Act are applicable.

Title 18 O.S.1961 § 1.71, provides in part that the records specified in Sec. 1.16 of the Act shall be kept open by the corporation for inspection and to the taking of extracts therefrom, by each shareholder, at any reasonable time, *for any proper purpose,* at the place where such records are usually kept, and under sub-division "e" that:

"Nothing herein contained shall impair the power of any court of competent jurisdiction, upon proof by a shareholder, or other person possessing such right, of proper purpose, to compel by mandamus, or otherwise, the production for examination by such shareholder, or such other person, of the books and records of a corporation."

For all practical purposes Sec. 1.16 describes all records that plaintiffs seek to inspect. Both sections provide penalties for failure to comply with their provisions.

The Business Corporation Act was adopted in 1947. Prior thereto the statutes then in force (18 O.S.1941 §§ 141–142) granted to a shareholder in a corporation for profit, the right to inspect the books and records of the corporation, without restriction or limitation, and the purpose or motive of the stockholder was not material. Hoover v. Fox Rig & Lumber Co., 199 Okl. 672, 189 P.2d 929. The cited decision involved circumstances occurring prior to the passage of the Act, but was handed down after its passage, and found the evidence showed proof of a "proper purpose" under the statute (Sec. 1.71, supra) in force at the date of the decision.

■ The term "for any proper purpose" in Sec. 1.71, supra, is a term of limitation and must be regarded as revoking the unlimited and unrestricted right of inspection that existed under the prior statutes. The authors of the Oklahoma Business Corporation Act, in the preparation of the above mentioned portions of Sec. 1.71, followed similar provisions of the Illinois statutes limiting the right to an inspection of corporate records to a proper purpose. In Sawers v. American Phenolic Corp., 404 Ill. 440, 89 N.E.2d 374, 15 A.L.R.2d 1, it was held that a proper purpose, within the meaning of a statute requiring corporations to permit shareholders to examine their records and lists of stockholders "for any proper purpose," is a purpose lawful in character, wherein a stockholder in good faith seeks information bearing upon the protection of his interest and that of other stockholders in the corporation, and not contrary to the interests of the corporation, as distinguished from one seeking to gratify his curiosity or proceeding for speculative or vexatious purposes.

See also Morris v. Broadview, Inc., 385 Ill. 228, 52 N.E.2d 769, and Bart v. Pine Grove, Inc., 326 Ill.App. 426, 62 N.E.2d 127.

■ Upon consideration of the plaintiffs' petitions and evidence, as viewed in the light of the above statement of law, it appears that plaintiffs are not claiming any interest in the real or personal property of the church corporation and are not complaining of any improper management or lack of preservation of its property or misuse or wrongful appropriation of its funds. In fact Joseph Wolozyn admitted being present at the yearly church meeting where a report was given regarding the financial affairs and property of the church. The only grounds for plaintiffs' claimed right of inspection are relative to the acts of the corporation in influencing or changing the fundamental procedures and concepts of the church. These involve not only the basic dogma, doctrine and religious beliefs of the church, but also the religious services and procedures by which the church seeks to practice and instruct its members in these religious beliefs and doctrine. The plaintiffs complain regarding purely church religious matters and blame the acts and influence of the corporation and its officers. The controversy is one for church tribunals and is not within the jurisdiction of the civil courts.

In First English Lutheran Church of Oklahoma City v. Bloch, 195 Okl. 579, 159 P.2d 1006, we stated:

"Civil courts will not review acts of religious organizations relating solely to internal ecclesiastical affairs for the sole purpose of ascertaining whether they are in accord with the policy, discipline, or usages of the organization. * *

"Civil courts will exercise equitable jurisdiction in a church controversy for the protection of a civil or property right. The jurisdiction to adjudicate an ecclesiastical matter results as a mere incident to the determination of a civil or property right. The courts confine themselves to the facts before them in the particular case. * ·* *"

It is our conclusion that plaintiffs did not prove a proper purpose to sustain their action for inspection of the corporate records.

The judgment of the lower court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, WILLIAMS, JACKSON and BERRY, JJ., concur.

JOHNSON, J., dissents.