Jim B. COOK, d/b/a Jim B. Cook Construction Company, Plaintiff in Error,

v.

Leslie H. ALEXANDER and Doris B. Alexander, Defendants in Error.

No. 40651.

Supreme Court of Oklahoma.

Sept. 14, 1965.

As Corrected Sept. 15, 1965.

Robert L. Cox and James R. Eagleton, Oklahoma City, for plaintiff in error.

Merson, Campbell & Merson, Oklahoma City, for defendants in error.

LAVENDER, Justice:

This action was begun in the District Court of Oklahoma County, Oklahoma in April, 1961 by Jim B. Cook, d/b/a Cook Construction Company, against Leslie H. Alexander and Doris B. Alexander for foreclosure of a claimed lien for an alleged balance of $4,961.20, attorneys fees and costs. The parties will be referred to as they appeared in the trial court.

The petition alleges that on March 15, 1960, parties hereto entered into a contract for construction of a residence located on Lots 25 to 30 inclusive in Block 11, Ravenswood Manor Addition to Oklahoma City; that such contract called for the furnishing of all labor and materials for a turnkey job, except painting and decorating the patio. The defendants agreed to pay the sum of $13,672.20 plus $2,862.00 for extras which were requested by defendants. The contract and copy of extras are attached as exhibits. That defendants paid the sum of $11,573.00 but refused to pay the balance, whereupon plaintiff filed a lien, attached as Exhibit "C."

To this petition the defendants filed their answer in which they allege: A general denial with an admission of the execution of the contract. The answer then alleges failure to complete the work called for by the contract in the amount of $4,500.00; that the work which was performed was in a poor and unworkmanlike manner, and the cost of remedying this will be $5,000.00. That defendants have paid out the sum of $1,950.25 on the defective and incomplete work. The answer further alleges that the lien was not filed in accordance with the law and is insufficient in form and substance. The answer prays that plaintiff take nothing and that defendants have judgment in a sufficient amount to complete the unfinished work and for the amounts expended heretofore and for attorneys fees and costs.

Upon these pleadings trial was had before the court and resulted in judgment as follows:

1. Denial of lien claimed by plaintiff.

2. Judgment for defendants in the sum of $4,250.00 less the balance due on the contract in the sum of $2,599.20, being a balance of $1,650.80 and attorneys fee of $400.00.

From this judgment plaintiff appeals after the overruling of the motion for new trial. Plaintiff submits the following propositions for reversal:

"Proposition I: On appeal in a case of equitable cognizance, Supreme Court has the duty to weigh the evidence and enter the judgment that should have been entered.

"Proposition II: (A) The clear weight of the evidence sustains judgment in favor of plaintiff in the sum of at least $2,599.20 for balance due under contract.

"(B) The clear weight of the evidence supports at least a portion of the extras sued for and court erred in sustaining demurrer thereto.

"Proposition III: The clear weight of the evidence fails to sustain a substantial part of the judgment in favor of defendants.

"Proposition IV: The judgment of the trial court being against the clear weight of the evidence, this Court should enter the judgment sustained thereby.

"Proposition V: Trial court erred in holding lien was not filed within time."

Propositions I and IV are the same in substance and need not be considered by us unless we find there was error in the judgment of the trial court.

Proposition II (A) was covered by the trial court in rendering judgment for plaintiff in this amount. The entire case therefore turns upon the sufficiency of the evidence to sustain the judgment in favor of defendants as set out in Proposition III.

Proposition V need not be determined until such time as this Court may determine that plaintiff is entitled to a judgment against defendants for the work done.

We are therefore relegated to a consideration only of Propositions II (B) and III.

■ Coming now to the first of these, the first item in contention is a water well drilled at a cost of $550.00 which plaintiff paid. If the drilling of this well was in-

cluded in the specifications upon which the contract was based, plaintiff was not entitled to recover for this item. If it was not so included, plaintiff is entitled to recover therefor as an extra.

We have examined the contract and specifications carefully, and while there is no specific mention of the well in either, we do find the following:

In the contract a total price is fixed of $13,822.20, including the paint of $150.00 or $13,672.20 without this item. In a breakdown of this item which the trial court found was furnished by plaintiff and introduced in evidence are the same figures, and in this breakdown is an item "well $500.00." It appears, therefore, that by admission of plaintiff the drilling of a well was contemplated by the parties.

The second item about which plaintiff complains is an item of $350.00 for duct work on the air conditioning and for which the trial court made no allowance. The same condition exists as to this item as in the case of the well. The breakdown contains the following:
"Air conditioning $950.00."

The evidence is therefore amply sufficient to sustain the judgment of the trial court as to these items.

The trial court then proceeded to find there was due to the defendants from the plaintiff the sum of $4,250.00, and after deducting from that sum the $2,599.20, awarded judgment in favor of defendants on their cross-petition against the plaintiff for the difference of $1,650.80, plus attorneys fees.

▮▮ The question, raised by the plaintiff in this appeal, of whether the clear weight of the evidence does or does not sustain the judgment of $4,250.00 in favor of defendants remains to be considered.

The evidence in this case concerning the alleged poor construction of the foundation, roof and porch, all as testified to by one Mr. C, a builder of experience and qualification, and his opinion as to the cost of remedying all these defects was both detailed and conflicting. There was also ample evidence from the defendants themselves that they had been compelled to lay out their own money to complete some of the work that was supposed to have been done by the plaintiff.

We have carefully reviewed the entire record herein, and upon consideration thereof cannot say that the judgment of the trial court is clearly against the weight of the evidence; on the contrary, we feel that the trial court's judgment awarding $4,250.00 damages in favor of the defendants is amply supported by the evidence.

Complaint is next made concerning the allowance of attorneys fees to defendants without evidence of the value thereof, citing the case of Briggs v. McAdams Pipe and Supply Co., Okl., 359 P.2d 572. This case undoubtedly represents the rule in this jurisdiction but has no application to the case at bar. The attorney for plaintiff, who did not try this case in the lower court, has obviously overlooked the stipulation in the record as follows:

"It is stipulated by and between the parties hereto that the court may assess the fees, the attorney fees, for the party entitled in this cause without formal proof as to the value or reasonableness thereof."

That the prevailing party in a lien foreclosure action is entitled to recover attorney fees is provided by statute. See 42 O.S. 1961, § 176.

The general rule is set forth in the headnote to 83 C.J.S. Stipulations § 10a, p. 12, as follows:

"Any matter which involves the individual rights or obligations of the parties inter sese may properly be made the subject of a stipulation between them, provided the stipulation is not illegal, unreasonable, or against good morals or sound public policy, and does not interfere with the general powers, duties, and prerogatives of the court."

The stipulation herein violates none of the excepted portions of the above and in substance is equivalent to two things: (1) Admission of the qualifications of the judge as an expert witness, and (2) agreement to be bound by his determination.

We hold this stipulation to be legal and binding.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

WILLIAMS and HODGES, JJ., concur in result.