Mitchell MULKEY et al., Appellants,

v.

Rev. A. T. BLANKENSHIP et al., Appellees.

No. 48529.

Supreme Court of Oklahoma.

Dec. 28, 1976.

Manners, Grennan & Cathcart, by J. Mike Lawter, Oklahoma City, for appellants.

Jim McClendon, Sandi McClendon, Legal Intern, Broken Bow, for appellees.

LAVENDER, Justice.

Plaintiffs, now appellants, brought this action as officials of Highway Assembly

Church alleging interference with their right to worship and in the operation of the church by the defendants, now appellees. Defendants denied such interference. Their answer alleges they are the proper officials.

On a June 5, 1974, hearing, the trial court denied a temporary injunction and ordered the holding of a congregational meeting. Defendants sought dismissal, but that motion was overruled under a June 24, 1974, order. There, the trial court determined jurisdiction over the matter for a property right was involved. Again a congregational meeting was ordered held. April 1, 1975, trial was had. By both letter and journal entry of judgment and under date of May 13, 1975, the trial court entered judgment for the defendants. It found the evidence did not sustain the allegations of the plaintiffs' petition.

In plaintiffs' appeal, no attack is made on the trial court's finding that a property right was involved. Jurisdiction was established under *Wolozyn v. Begarek*, Okl., 378 P.2d 1007 (1963). By syllabus this court said:

> "Civil courts will exercise equitable jurisdiction in a church controversy for the protection of a civil or property right. * * *."

Plaintiffs argue (1) error in ordering the congregational meeting; and (2) the judgment is contrary to the evidence.

■ Defendants confess error as to the ordering of the congregational meeting. They argue harmless error. We agree. Trial was held April 1, 1975. As reflected by the trial court's letter and the journal entry of judgment, the decision was based on the failure of plaintiffs' evidence to sustain their allegations as found in their petition. It was not based on the results of the congregational meeting ordered by the court. "Where the rulings and judgment of the trial court are not prejudicial to the complaining party, though erroneous, it will not work a reversal of the trial court." *Briggs v. McAdams Pipe & Supply Co.*, Okl., 359 P.2d 572 (1961).

■ This action was equitable in nature. Plaintiffs sought a temporary restraining order and "any and all other equitable relief." Trial court in his letter rendering judgment denied the restraining order or injunction prayed for in the petition. In a case of equitable cognizance, this court must examine the record and weigh the evidence. The judgment will be sustained on appeal unless it is found to be against the clear weight of the evidence. *Story v. Hefner*, Okl., 540 P.2d 562 (1975).

We have reviewed the record here. The evidence has been weighed. The judgment appealed is not against its clear weight. Plaintiffs have been allowed to worship and participate with the congregation. They have not been denied possession of the church property for those purposes. The church property has not been allowed to deteriorate.

■ Courts of civil jurisdiction should not adjudicate controversy involving religious doctrines or precepts. *Oklahoma Dist. Coun. v. New Hope Assembly of God Ch.*, Okl., 548 P.2d 1029 (1976). Prior to this controversy, the Highway Assembly Church had no clear ecclesiastical organization or government. It was attempted through vote of the adult male members with probably the minister as the final authority. Convening of a congregational meeting to determine affiliation with another church body, and who was entitled to attend and vote at such a meeting as a member of that church, involved issues of religious doctrines or precepts as practiced by this particular church.

Here, the trial court did not err in refusing equitable relief to the plaintiffs.

Affirmed.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.